# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

No. 98-30539

―――――――――

JOHNNY LEROY COBB and MARGARET C. COBB,

Plaintiffs-Appellants,

VERSUS

DELTA EXPORTS, INCORPORATED;
PENN-AMERICAN INSURANCE COMPANY;
and
WASTE MANAGEMENT OF LOUISIANA, L.L.C.,

Defendants-Appellees.

―――――――――――――

Appeals from the United States District Court
for the Western District of Louisiana

―――――――――――――

September 7, 1999

Before JOLLY and SMITH, Circuit Judges,
and STAGG, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Johnny and Margaret Cobb appeal the denial of their motion to remand to state court for want of subject matter jurisdiction. In the alternative, they appeal the summary judgment

―――――――――――――

[*] District Judge of the Western District of Louisiana, sitting by designation.

in favor of each defendant. We reverse the denial of remand and, accordingly, do not reach the merits of the summary judgment.

## I.

Johnny Cobb ("Cobb") was operating his vehicle on a city street in Lake Charles, Louisiana, when a piece of heavy equipment, a "front end loader," backed into his vehicle, causing him serious personal injury. The equipment was operated by an employee of J&P Logging, Inc. ("J&P"), to remove broken

limbs and residue from an ice storm. J&P was performing limb removal pursuant to an agreement with Delta Exports, Inc. ("Delta"), which had been hired by Waste Management of Louisiana, L.L.C. ("Waste Management"). The City of Lake Charles had entered into an agreement with Waste Management under which Waste Management would be responsible for cleaning up the debris resulting from the storm. Cobb claims that the lack of adequate warning of the work being done proximately caused the accident.

The Cobbs sued Delta and its insurer, Penn-American Insurance Co. ("Penn-American"), both foreign domiciliaries, in state court. Delta and Penn-American removed to federal court on the basis of diversity of citizenship. The federal court granted the Cobbs' unopposed[2] motion to amend their complaint to add claims against four other defendants, two of whichSSthe city and Waste ManagementSSare Louisiana domiciliaries.

The Cobbs then filed a motion to remand to

state court on the ground that there no longer was complete diversity of citizenship. The district court denied remand, reasoning that Waste Management and the city had been fraudulently joined, and their joinder would therefore not destroy federal jurisdiction. The court then granted summary judgment in favor of Delta and Penn-American, reasoning that there was no genuine issue of material fact as to whether Delta Exports was liable for the actions of J&P's employee, as J&P was an independent contractor. Finally, the court granted summary judgment in favor of Waste Management, concluding that the Cobbs could not establish Waste Management's liability for the actions of J&P's employee.

## II.

The Cobbs contend that the district court did not have the option of joining the non-diverse defendants and then declining to remand; once the court permitted joinder, they assert, it was bound to remand. The defendants argue that Supreme Court precedent establishes that diversity, for jurisdictional purposes, is established at the time of removal, and the later joinder of dispensable, non-diverse defendants does not destroy federal jurisdiction. We agree with the Cobbs that post-removal joinder of non-diverse defendants pursuant to FED. R. CIV. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.

### A.

The plain language of 28 U.S.C. § 1447(e) requires a remand:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

---

[2] The Cobbs' attorney wrote the defendants' attorney, explaining:

> I am in the process of filing this week a Motion for Leave of Court to Amend and Supplement the Complaint to add additional parties, including the City of Lake Charles, Waste Management, Inc., Jack Gibson d/b/a J&P Logging and James Wright, who was the driver of the front-end loader at the time of the accident. Pursuant to the local rules, I am requesting your consent to file this motion. I would appreciate it if you could let me know as soon as possible whether you will consent to the motion or whether I should set it for a hearing.

The defendants consented to the amendment.

State court.

By expressly giving a district court only two options, this section indicates that the court may not permit joinder of non-diverse defendants but then decline to remand, as the court did here.[2]

The legislative history supports this reading. In adopting the current version of § 1447(e), Congress rejected a version that would have permitted district courts to join non-diverse defendants and, at their discretion, retain jurisdiction.[3] This history indicates that Congress must not have intended to permit the course of action the district court chose.

Remand is also required by *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), in which we held that the post-removal joinder of a non-diverse, dispensable party destroys diversity jurisdiction. Indeed, other courts have opined that § 1447(e), adopted after we decided *Hensgens*, is a codification of *Hensgens*'s holding.[4]

### B.

The "fraudulent joinder" doctrine is inapplicable here. Under that doctrine, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joinedSS*i.e.*, when "either . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[5] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (Former 5th Cir. Dec. 1981)).

The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed. This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal.*[6]

---

[2] We rely on the well-known canon of statutory construction, *expressio unius est exclusio alterius*SSor, "the expression of one thing implies the exclusion of another." *See* 73 AM. JUR.2D *Statutes* § 211 (1995).

[3] *See* David D. Siegel, *Commentary on 1988 Revision of Section 1447*, in 28 U.S.C.A. § 1447 (1994) (citing H.R. REP. No. 100-889, 100th Cong., 2d Sess., 72-73, reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33).

[4] *See Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993); *Heininger v. Wecare Distribs., Inc.*, 706 F. Supp. 860, 862 n.4 (S.D. Fla. 1989).

[5] *See also Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995) (noting that under fraudulent joinder doctrine, court ignores the claims against non-diverse, fraudulently joined defendants for purposes of determining subject matter jurisdiction).

[6] *See Griggs v. State Farm Lloyds*, No. 98-20217, 1999 U.S. App. LEXIS 16693 (5th Cir. July 20, 1999); *Tramonte v. Chrysler Corp.*, 136 F.3d 1025 (5th Cir. 1998); *Marathon Oil Co. v. Ruhrgas, A.G.*, 145 F.3d 211 (5th Cir. 1998) (en banc), *rev'd on other grounds*, 119 S. Ct. 1563 (1999); *Rogers v. Hartford Acc. & Indem. Co.*, 133 F.3d 315 (5th Cir. 1998); *Rodriguez v. Sabatino*, 120 F.3d 589 (5th Cir. 1997); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514 (5th Cir. 1997); *In re Excel Corp.*, 106 F.3d 1197 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746 (5th Cir. 1996); *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996), *abrogated on other grounds by*

(continued...)

(...continued)

*Murphy Bros., Inc. v. Mitchell Pipe Stringing Inc.*, 119 S. Ct. 322 (1999); *In re Rodriguez*, 79 F.3d 467 (5th Cir. 1996) (Dennis, J., dissenting); *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993); *Jernigan v. Ashland Oil Co., Inc.*, 989 F.2d 812 (5th Cir. 1993); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993); *Harris v. Black Clawson Co.*, 961 F.2d 547 (5th Cir. 1992) (declining to reach fraudulent joinder issue in a case involving post-removal joinder of non-diverse defendants); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992); *LeJeune v. Shell Oil Co.*, 950 F.2d 267 (5th Cir. 1992); *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991); *In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991); *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187 (5th Cir. 1989); *Alcom Elec. Exchange, Inc. v. Burgess*, 849 F.2d 964 (5th Cir. 1988), *abrogated on other grounds by United States v. Cooper*, 135 F.3d 960 (5th Cir. 1998); *Getty Oil Co. v. Insurance Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1989); *East Tex. Mack Sales, Inc. v. Northwest Acceptance Corp.*, 819 F.2d 116 (5th Cir. 1987); *Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir. 1983); *Royal v. State Farm Mut. Fire & Cas. Co.*, 685 F.2d 124 (5th Cir. 1982); *B., Inc.*; *Keating v. Shell Chem. Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir. 1979); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975); *Jett v. Zink*, 474 F.2d 149 (5th Cir. 1973); *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Jett v. Zink*, 362 F.2d 723 (5th Cir. 1966); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962); *Covington v. Indemnity Ins. Co. of N. Am.*,
(continued...)

(...continued)

251 F.2d 930 (5th Cir. 1958); *Finn v. American Fire & Cas. Co.*, 207 F.2d 113 (5th Cir. 1953); *Dudley v. Community Pub. Serv. Co.*, 108 F.2d 119 (5th Cir. 1939).

This makes sense: A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.*, a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

The district court's confusion likely resulted from the fact that the term fraudulent *joinder* is a bit of a misnomer; in the typical case, the fraudulently "joined" party is not joined later, but instead is named as a defendant in the original state court complaint to avoid removal. The doctrine simply does not apply to defendants who are joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend.[7]

Accordingly, the district court erred in relying on the fraudulent joinder doctrine to justify its refusal to remand. Indeed, once it permitted joinder of the non-diverse defendants, the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied.[8]

## C.

Contrary to the defendants' assertion, this case is not controlled by *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991) (per curiam). There, a gas seller and its parent sued a buyer for breach of contract, basing jurisdiction on diversity. Thereafter, one of the plaintiffs transferred its interest to a limited partnership that was not diverse from the defendant, and plaintiffs sought leave to amend to substitute the non-diverse party as a plaintiff under FED. R. CIV. P. 25(c).[9] The district court permitted plaintiffs to add the party. After a verdict for plaintiffs, the court of appeals reversed, holding that the suit should have been dismissed because the addition of the non-diverse party after suit was filed destroyed diversity jurisdiction. *See Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 907 F.2d 1022 (10th Cir. 1990). The Supreme Court reversed and held that diversity jurisdiction is not defeated by the substitution of a non-diverse party. The Court limited its holding to dispensable parties, noting that if the party that was added had been

---

[7] The defendants contend it would be unreasonable to require them to raise fraudulent joinder at the time joinder is proposed, for local rules indicate that sanctions may be imposed against attorneys who, without a good faith basis for doing so, withhold consent to amend pleadings to join parties. *See* UNIFORM LA. LOC. R. 7.6W. We note, however, that a local rule prohibiting parties from erecting bad-faith barriers to proposed joinders in no way prohibits parties from opposing the joinder of parties against whom recovery is impossibleSSparticularly when the proposed joinder would destroy jurisdiction.

[8] We leave open the question whether the court properly could have exercised its inherent power to recall its judgment and withdraw its order permitting joinder.

[9] In pertinent part, rule 25(c) provides: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

indispensable when suit was filed, the addition of the non-diverse party would have defeated diversity jurisdiction.

The instant defendants rely on a passage in *Freeport-McMoRan* explaining that

> if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events. . . . "Jurisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of court, of a party whose presence is not essential to a decision of the controversy between the original parties."

*Freeport-McMoRan*, 498 U.S. at 428 (quoting *Wichita R.R. & Light Co. v. Public Util. Comm'n*, 260 U.S. 48, 54 (1922)). Defendants also point to the *Freeport-McMoRan* Court's statement that "diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Id.* These statements, defendants maintain, indicate that post-removal joinder of non-diverse, dispensable defendants does not destroy diversity jurisdiction, for diversity is established when an action is commenced. Defendants conclude that, as there was complete diversity when the lawsuit was filed, post-removal joinder of Waste Management and the city does not destroy diversity jurisdiction.

Defendants also note that *dictum* from *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1991), supports their reading of *Freeport-McMoRan*. In *Whalen*, we held that the district court did not err in concluding that diversity jurisdiction was destroyed when a non-diverse, *indispensable* defendant was joined. *See id.* at 1096. We indicated, however, that had the defendant been a dispensable party, it would have been error for the court to conclude that addition of the party destroyed subject matter jurisdiction. *See id.*

Defendants maintain that the lesson of this *dictum* is that, while joinder of indispensable, non-diverse parties destroys jurisdiction, joining a dispensable, non-diverse party does not.[10] The Cobbs admit that Waste Management and the city are dispensable parties. Accordingly, defendants conclude, the law as established in *Freeport-McMoRan* and *Whalen* is that diversity is not destroyed, and the court did not err in joining the non-diverse parties and then retaining jurisdiction.

Defendants also contend that *Freeport-McMoRan* overruled *Hensgens*. They point out that the *Hensgens* court cited *Owen*, 437 U.S. at 374, in support of the proposition that "addition of a nondiverse party will defeat jurisdiction." *See Hensgens*, 833 F.2d at 1181. In *Freeport-McMoRan*, the Court stated that "*Owen* casts no doubt on the principle established by the cases previously cited that diversity jurisdiction is to be assessed at the time the lawsuit is commenced." *Freeport-McMoRan*, 498 U.S. at 429. Accordingly, defendants argue, *Hensgens*, which relied on *Owen*, is not good law to the extent that it concludes that joinder of a non-diverse defendant will destroy diversity that existed when an action is filed.

---

[10] This view, the defendants note, was adopted in *Kerr v. Smith Petroleum Co.*, 889 F. Supp. 892, 896 (E.D. La. 1995) (concluding that because "the[] nondiverse defendants were not indispensable at the time of the filing of th[e] lawsuit, their later addition [did] not destroy diversity jurisdiction . . . ."). *But see Sharp v. Kmart Corp.*, 991 F. Supp. 519, 527 (M.D. La. 1998) (holding that case must be remanded if non-diverse, dispensable defendant is joined by amendment of complaint after case has been removed to federal court).

Defendants read *Freeport* too broadly. Contrary to the insinuation in *Whalen*'s *dictum*, *Freeport-McMoRan* did not hold that diversity jurisdiction is unaffected by post-removal joinder of dispensable, non-diverse parties pursuant to FED. R. CIV. P. 19. Granted, the *Freeport-McMoRan* Court's broad statement that "diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action," 498 U.S. at 429, read in a vacuum, would suggest that the joinder of Waste Management and the city did not destroy diversity. There are good reasons, however, to read this broad statement as *dictum* and to understand *Freeport-McMoRan* as limited to the context of an addition under FED. R. CIV. P. 25.

First of all, the *Freeport* Court was faced with a rule 25 addition, not joinder under rule 19. Second, to read *Freeport-McMoRan* as holding that a court may permit post-removal joinder of a non-diverse defendant *and* retain jurisdiction is to understand the Court as having overruled § 1447(e), a provision whose plain language and legislative history indicate that a court can do no such thing.

Courts, of course, may overrule statutes on constitutional grounds, but the limits of diversity jurisdiction are determined purely by statute. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967). Hence, the Court must defer to § 1447(e), and in reading *Freeport-McMoRan*, we should assume the Court did so.

Finally, two other courts of appeals, while not directly addressing the issue at hand, have suggested that *Freeport-McMoRan*'s holding is limited and does not contravene § 1447(e). In *Casas Office Machs. v. Mita Copystar of Am.*,

42 F.3d 668 (1st Cir. 1994), the court held that, when a court permitted substitution of dispensable, non-diverse defendants for fictitious defendants,[11] diversity jurisdiction was destroyed. The court noted *Freeport-McMoRan*'s holding but observed that "specific legislative directives override the general principles announced in these cases" dealing with diversity jurisdiction. *Id.* at 674. The court then cited § 1447(e), which it said "relates expressly to joinder." *Id.*

Though the issue before the *Casas* court was not joinder but substitution, the court still held that § 1447(e), not the rule of *Freeport-McMoRan*, applied, because "the legislative history to [§ 1447(e)] indicates that § 1447(e) applies also to the identification of fictitious defendants after removal." *Id.* In other words, the *Casas* court reasoned that *Freeport-McMoRan*'s rule was *extremely* narrow, applying only to rule 25 substitutions that do not involve the mere identification of fictitious parties.

If § 1447(e), not *Freeport-McMoRan*, applies to a subset of substitutions that are mentioned only in the provision's legislative history, then, *a fortiori*, the provision's *text* must trump *Freeport-McMoRan*. That text expressly addresses post-removal joinder of parties under rule 19, and it is thus a "specific legislative directive[] [that] override[s] the general principles announced in [*Freeport-McMoRan*]." *Id.*

In *Burka v. Ætna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996), the court also suggested that *Freeport-McMoRan*'s holding is limited to substitutions under rule 25. The *Burka* court found that defendants' rule 25(c) motion to substitute a non-diverse, dispensable party did not defeat jurisdiction. *See id.* at 482. The court construed *Freeport-McMoRan* as "establish[ing] that the addition of a non-diverse party *pursuant to Rule 25(c)* does not deprive the District Court of subject matter jurisdiction, and hence does not require remand or dismissal." *Id.* at 480 (emphasis added).

The defendants in *Burka* had filed a rule 25(c) motion seeking to substitute a non-diverse, dispensable defendant a week before the plaintiff sought to join the same non-diverse defendant pursuant to rule 19. The plaintiffs argued that joinder under rule 19 would destroy diversity and that the case should be remanded pursuant to § 1447(e). They also argued that even if the court did allow defendants' earlier motion under rule 25(c), that rule triggered the application of the remand provision set forth in § 1447(e).

The *Burka* court did not accept this latter argument but held, instead, that a rule 25(c) transfer-of-interest-based substitution is not a form of "joinder" within the meaning of § 1447(e). It also concluded that the addition of the non-diverse defendant in that case was under rule 25(c), not rule 19. Accordingly, § 1447(e) did not require remand. The implication is that, had the addition occurred pursuant to rule 19, § 1447(e) would have required a remand. *Burka*'s reasoning, then, supports the view that *Freeport-McMoRan* is limited to rule 25 substitutions and that post-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e).

---

[11] That the fictitious defendants might have been non-diverse was properly disregarded when the case was initially removed to federal court on diversity grounds, for 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded."

For the foregoing reasons, we decline to read *Freeport-McMoRan* as broadly as the defendants do. Its holding does not overrule *Hensgens* or § 1447(e), both of which suggest that the district court erred in permitting joinder of Waste Management and the city and then declining to remand. We therefore REVERSE the court's order denying remand, and we REMAND with instructions to remand to state court.