**J.C. POSEY ESTATE, by Jane B. POSEY, Administratrix, Plaintiff,**

v.

**CENTENNIAL HEALTH CARE PROPERTIES CORPORATION d/b/a Starkville Manor, and Redd Pest Control Company, Inc. Defendants.**

**No. 1:97CV360–B–D.**

United States District Court, N.D. Mississippi, Eastern Division.

Dec. 17, 1999.

James C. Helveston, Edwards, Storey, Marshall & Helveston, West Point, MS, Dewitt T. Hicks, Jr., Gholson, Hicks & Nichols, Columbus, MS, for Plaintiff.

Whitman B. Johnson, III, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Defendant.

G. Todd Burwell, Kirkland & Barfield, Jackson, MS, for Redd Pest Control Co.

### Memorandum Opinion

BIGGERS, Chief Judge.

This cause comes before the court on the plaintiff's motion to remand and the motion to dismiss filed by Redd Pest Control Company, Inc. [Redd Pest]. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

A negligence action was brought in state court against Centennial Health Care Properties Corporation [Centennial] d/b/a Starkville Manor, a skilled nursing home facility, on behalf of J.C. Posey, one of its patients, for failure to protect him from a fire ant attack[1] and for failure to provide adequate medical treatment after the attack and reasonable attention required by his mental and physical condition. Centennial removed this action on the ground of diversity jurisdiction. Thereafter, an amended complaint was filed in federal court alleging the wrongful death of decedent J.C. Posey. Following the deposition of Dr. Arthur G. Appel, Centennial's expert witness, the plaintiff moved to amend the complaint to add Redd Pest as an additional defendant asserting that Redd Pest owed a duty to the decedent to discover and treat cracks and crevices.

The United States Magistrate Judge granted the plaintiff's motion to amend; Centennial moved to reconsider the order granting the plaintiff leave to join Redd Pest as a defendant and the magistrate judge denied the motion. Thereafter, the plaintiff filed a second amended complaint alleging the following claims against Centennial: Failure to furnish a safe environment, failure to maintain the walls and floors of the decedent's room in a good state of repair, failure to provide necessary nursing care and attention and preventing adequate medical care after the attack. The second amended complaint further alleges that Redd Pest had the duty to inspect the Starkville Manor premises and to locate and treat cracks, crevices, and insect harborages and failed to properly inspect the facility or to treat the cracks and crevices in the decedent's room. In addition, the second amended complaint alleges that Redd Pest failed to recommend treatment of the grounds and premises with the appropriate insecticides.

The plaintiff moves to remand on the ground that the joinder of Redd Pest, a nondiverse defendant, divests the court of diversity jurisdiction and mandates remand pursuant to 28 U.S.C. § 1447(e). Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Redd Pest opposes the plaintiff's motion to remand and contemporaneously moves to dismiss the claims against it on the ground of fraudulent joinder. If fraudulently joined, Redd Pest's citizenship is not considered in determining whether diversity of citizenship exists. *Rodriguez v. Sabatino*, 120 F.3d 589, 592 (5th Cir.1997), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).

The Fifth Circuit recently held that the fraudulent joinder doctrine[2] does not ap-

---

1. Fire ants allegedly entered J.C. Posey's room through a crack between the wall and floor behind his night stand and invaded his bed.

2. The fraudulent joinder doctrine contem-

ply to post-removal joinder since the removing defendant has an opportunity "at the time joinder is considered" to assert the absence of a colorable claim against the proposed party; "[s]ection 1447(e) authorizes a court to permit or prohibit joinder." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir.1999).. In *Cobb*, the district court "permit[ted] joinder of non-diverse defendants but then [erroneously] decline[d] to remand" on the ground that the newly joined nondiverse defendants had been fraudulently joined. *Id.* at 676, 677. "[O]nce it permitted joinder of the non-diverse defendants, the [district] court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Id.* at 678. "[T]he limits of diversity jurisdiction are determined purely by statute" and "post-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e)." *Id.* at 680, 681. The Fifth Circuit held that since § 1447(e) gives a district court only two options

> post-removal joinder of non-diverse defendants pursuant to Fed.R.Civ.P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.

*Id.* at 677.

■ The court finds that unless the magistrate judge's rulings are vacated,[3] this cause must be remanded for lack of subject matter jurisdiction. Since the fraudulent joinder doctrine applies to joinder of parties before removal or at the time joinder is considered after removal, the doctrine is not properly raised in opposition to the instant motion to remand. Redd Pest's motion to dismiss for fraudulent joinder is, in effect, an untimely objection to its joinder. *See* Fed.R.Civ.P. 72(a) (ten-day period for filing an objection to a magistrate judge's nondispositive order). The court finds that the ten-day period began running from the date of service of process on Redd Pest and expired one month before the instant motion to dismiss was filed.[4] Therefore, Redd Pest has waived its right to object to its joinder.[5] Even if the court disregarded the untimeliness of the instant motion to dismiss, construed as a Rule 72(a) objection,[6] the court finds that Redd Pest was not fraudulently joined.

■ The removing party carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence. *Jernigan*, 989 F.2d at 815; *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). Fraudulent joinder may be established by showing outright fraud in the plaintiff's pleading of jurisdictional facts. *Jernigan*, 989 F.2d at 815; *B., Inc.*, 663 F.2d at 549. In addition, "a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co.*, 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991). Fraudu-

---

plates a party "named as a defendant in the original state court complaint to avoid removal" and, thus, allows "courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time* of *removal.*" *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677, 678 (5th Cir.1999).

3.  The court in *Cobb* stated:

    We leave open the question whether the [district] court properly could have exercised its inherent power to recall its judgment and withdraw its order permitting joinder. 186 F.3d at 678 n. 8.

4.  Redd Pest filed an answer to the second amended complaint adding Redd Pest as a defendant more than one month before filing the instant motion to dismiss contemporaneously with its response to the instant motion to remand.

5.  Rule 72(a) provides that a party may not "assign as error a defect in the magistrate judge's order to which objection was not timely made."

6.  The court *sua sponte* construes Redd Pest's motion as a Rule 72(a) objection.

lent joinder may also be established as follows:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [the plaintiff] would be able to establish a cause of action against [the nondiverse defendants] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), *cited in Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995). If "there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendants ... then those defendants have been fraudulently joined." *Burden*, 60 F.3d at 217–18. *See Laughlin v. The Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) ("the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant"). The Fifth Circuit has stated:

> Mindful of our obligation to exercise diversity jurisdiction only in cases of complete diversity, we will not authorize removal on the basis of fraudulent joinder unless there is *no possibility* that the plaintiff could state a cause of action against the non-diverse defendants.

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751–52 (5th Cir.1996) (citing *B, Inc.*, 663 F.2d at 549).

■ The court finds that, under Mississippi law, the contract between Redd Pest and Centennial and the lack of privity between the plaintiff and Redd Pest do not preclude the possibility of Redd Pest's liability for negligence. *Hosford v. McKissack*, 589 So.2d 108 (Miss.1991) (construing Miss.Code Ann. § 11–7–20 [7]). Dr. Appel testified in his deposition in part:

> I don't think it is the nursing home's responsibility to tell the pest control company how to do their job. My understanding is [Starkville Manor] hired a professional company to apply insecticides. This Redd Pest Control [sic] should know where and how to apply insecticides. And if there were cracks and crevices present, the pest control company should have treated those.
>
> . . . .
>
> As far as in my experience with pest control companies and with teaching pest control technicians, it is their responsibility to find cracks and crevices and to treat them as appropriate.

Annette Collins, a nurse employed at Starkville Manor, testified in her deposition that a crack between the wall and the baseboard of the decedent's room was the point of entry of the fire ants. Dennis Winston, a Redd Pest technician, testified in his deposition that the crack in the decedent's room was large enough to constitute an insect harborage. The court finds that, independent of any duty on the part of Centennial to repair and seal crevices, the plaintiff has a possible negligence claim against Redd Pest, with respect to its inspection and treatment of the Starkville Manor premises.

Since there is a possibility of tortious liability on the part of Redd Pest, its non-diverse citizenship destroys diversity jurisdiction and mandates remand pursuant to 28 U.S.C. § 1447(c) [8] and (e).[9]

7. Miss Code Ann. § 11–7–20 provides:

> In all causes of action for personal injury or property damage or economic loss brought on account of negligence, strict liability or breach of warranty ... privity shall

not be a requirement to maintain said action.

8. 28 U.S.C. § 1447(c) reads in part:

> If at any time before final judgment it appears that the district court lacks subject

For the foregoing reasons, the court finds that Redd Pest's motion to dismiss for fraudulent joinder should be denied and the plaintiff's motion to remand should be granted.

An order will issue accordingly.

### Order

In accordance with the memorandum opinion issued this day, it is **ORDERED:**

That the motion to dismiss for fraudulent joinder filed by defendant Redd Pest Control Company, Inc. is **DENIED**; and

That the plaintiff's motion to remand is **GRANTED** and this cause is **REMANDED** to the Circuit Court of Oktibbeha County, Mississippi.

matter jurisdiction, the case shall be remanded.

9. 28 U.S.C. § 1441(b) prohibits removal of a diversity action in which any properly joined and served defendant "is a citizen of the State in which such action is brought." Although Redd Pest is a Mississippi citizen, the plaintiff does not assert and therefore waives this procedural defect. *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991), *cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).") (emphasis added).