Marilyn **FARVER**, Plaintiff,

v.

**GLAXO WELLCOME, INC.,**
**et al., Defendants.**

**No. 3:01CV7103.**

United States District Court,
N.D. Ohio,
Western Division.

Dec. 14, 2001.

W. Patrick Murray, Murray & Murray, William H. Bartle, Murray & Murray, Sandusky, OH, for Marilyn Farver, Plaintiff.

Robert C. Tucker, Arter & Hadden, Forrest A. Norman, III, Gallagher, Sharp, Fulton & Norman, Cleveland, OH, Michael P. Murphy, Reminger & Reminger, Sandusky, OH, for Glaxo Welcome Inc., Medicine Shoppe, Susan A. Gallagher, Defendants.

## ORDER

CARR, District Judge.

This is a products liability case based on diversity of citizenship, which existed between the plaintiff and defendant when suit was filed. Plaintiff seeks to recover for injuries allegedly caused by defendant Glaxo Wellcome's defective prescription medication.

Leave was granted at the case management conference to the plaintiff to join additional parties within a specified deadline. Plaintiff's ensuing motion for leave to file an amended complaint joining additional parties, which she filed within that deadline, was granted without opposition.

The newly joined defendants (the doctor who prescribed the medication, and the pharmacy that filled the prescription) are residents of Ohio, as is the plaintiff. Her claims against them were based on allegations of negligence, and alleged that they committed malpractice when they respectively prescribed and provided defendant Glaxo's medication to the plaintiff.

As a result of the filing of the amended complaint and its joinder of the additional defendants, diversity of citizenship no longer exists between the plaintiff and all defendants.

■ Pending is plaintiff's motion to dismiss without prejudice on the basis that her joinder of non-diverse defendants deprives this court of jurisdiction. (Doc. 22). Defendant opposes the motion. (Doc. 26). For the reasons that follow, plaintiff's motion shall be granted.

In *Freeport–McMoRan, Inc. v. K N Energy*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam) the Supreme Court held that substitution of a party under Fed.R.Civ.P. 25 did not destroy preexisting diversity between the original parties. In the context of ruling on the effect of substitution under Rule 25, the Court noted that it had "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." 498 U.S. at 428, 111 S.Ct. 858. In light of that statement, the Court held:

> The opinions of the District Court and the Court of Appeals establish that the plaintiffs and defendant were diverse at the time the breach-of-contract action arose and at the time that federal pro-

ceedings commenced. The opinions also confirm that FMPO was not an "indispensable" party at the time the complaint was filed; in fact, it had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced. Our cases require no more than this. Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action. A contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation. Such a rule is not in any way required to accomplish the purposes of diversity jurisdiction.

*Id.*

After *Freeport–McMoRan,* litigants seized on the Court's broad statement about jurisdiction not being divested by subsequent events, where it existed when the complaint was filed. In response, most courts concluded that the language and holding of *Freeport–McMoRan* were limited to substitutions under Rule 25, and were not applicable to joinder under Rule 19. *Estate of Alvarez v. Donaldson Co., Inc.,* 213 F.3d 993, 994 (7th Cir.2000) (*Freeport–McMoRan* "looked at a limited part of diversity in which there was a substitution of parties."); *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 680 (5th Cir. 1999) ("diversity jurisdiction is unaffected by post-removal joinder of dispensable, non-diverse parties pursuant to Fed. R.Civ.P. 19."); *Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 861 (11th Cir.1998) ("the holding in *Freeport–McMoRan* relies upon the assignee's having been substituted as a plaintiff under Fed.R.Civ.P. 25(c)"); *Bishop v. Moore,* 2000 WL 246583, at *2–3 (D.Kan. Feb.4, 2000) ("The *Freeport–McMoRan* holding is limited to the issue of substitution of parties pursuant to Fed.R.Civ.P. 25"). *Accord Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 476 (5th Cir.2001); *Omni Equities, Inc. v.*

*Pearl S. Buck Foundation,* 850 F.Supp. 290 (E.D.Pa.1994) ("substitution of parties [presents] a vastly different set of circumstances than those under scrutiny here, where Rule 19(b) was invoked").

Some courts, like the parties' briefs in this case, have noted the reference in *Freeport–McMoRan* to that status of the newly joined defendant in that case as "indispensable," 498 U.S. at 428, 111 S.Ct. 858, and thus have focused on whether the newly joined parties are indispensable or nondispensible under Rule 19(a). *See Whalen v. Carter,* 954 F.2d 1087, 1095–96 (5th Cir.1992); *Kerr v. Smith Petroleum Co.,* 889 F.Supp. 892, 895 (E.D.La.1995). That focus is misplaced, because, as the foregoing cases make clear, *Freeport–McMoRan* is limited to substitutions under Rule 25, and has no application to joinders under Rule 19.

Focus on the issue of indispensability/nondispensibility under Rule 19 is also misdirected because it disregards the express terms of 28 U.S.C. § 1447(e), which provide: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Under § 1447(e), as noted in *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, (1st Cir.1994), "joinder or substitution of nondiverse defendants after removal destroys diversity jurisdiction, regardless whether such defendants are dispensable or indispensable to the action." (citing *Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir.1993); *Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.,* 917 F.2d 834, 835 (4th Cir.1990); *Rodriguez by Rodriguez v. Abbott Lab.,* 151 F.R.D. 529, 533 n. 6 (S.D.N.Y.1993); *Righetti v. Shell Oil Co.,*

711 F.Supp. 531, 535 (N.D.Cal.1989); *Vasilakos v. Corometrics Medical Sys., Inc.,* 1993 WL 390283, at *1–2 (N.D.Ill.1993)).

Furthermore, as noted in *Alvarez,* 213 F.3d at 995, "the Supreme Court in *Freeport–McMoRan* specifically held that it was not overruling *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), which held that a plaintiff may not bypass the jurisdiction requirements by suing only the diverse defendants and waiting for them to implead the nondiverse defendants." In light of this observation, it appears indisputable that § 1447(e) and the cases holding that joinder of nondiverse defendants destroys diversity jurisdiction were unaffected by *Freeport–McMoRan.*

This is particularly so in light of the Supreme Court's failure even to mention, much less discuss, § 1447(e) in *Freeport–McMoRan.* Were its holding in that case read to encompass joinders under Rule 19, it would abrogate § 1447(e). *Cobb,* 186 F.3d at 680; *Sharp v. Kmart Corp.,* 991 F.Supp. 519, 526 (M.D.La.1998); *Stubbs v. Kline,* 1998 WL 295598, at *2 (D.Kan. May 20, 1998). That, of course, the Court cannot do except on constitutional grounds. *Cobb,* 186 F.3d at 680. The Supreme Court simply cannot be deemed to have abrogated a statute as important to diversity jurisdiction as § 1447(e) in a per curiam decision making no reference to the statute at issue.

█ I note that, in any event, and without regard to the foregoing discussion, plaintiff's motion could also be granted on the basis that issues of joinder under Rule 19(a) are matters of federal law, and under federal law, joint tortfeasors are not indispensable parties. *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1198 (6th Cir.1983). As noted in *Lynch, id.* at 1199, the Rules Advisory Committee Note states expressly that a "tortfeasor with the usual

'joint and several' liability is merely a permissive party to an action against another with like liability" and "Joinder of these tortfeasors continues to be regulated by Rule 20." Thus, even if Rule 19 were applicable under *Freeport–McMoRan,* dismissal for want of jurisdiction is necessary.

Prior to the Supreme Court's decision in *Freeport–McMoRan,* a leading treatise observed:

> [P]arties that are joined under Rules 19 and 20 or as additional parties to a permissive counterclaim must independently satisfy the jurisdictional requirements. This limitation on ancillary jurisdiction is thought to be necessary in order to prevent diversity jurisdiction from being artificially created by utilizing Rule 19 or Rule 20 to bring in a nondiverse party after the initial complaint is filed; otherwise, the rule of complete diversity might be undermined and the limited subject matter jurisdiction of the federal courts improperly expanded.

Wright & Miller: Federal Practice & Procedure, § 3608 (1984).

These observations remain sound and pertinent after *Freeport–McMoRan.* To extend that decision to Rule 19 joinders would promote manipulation of diversity jurisdiction, while sending courts unnecessarily into the tricky reaches of Rule 19. Whenever a district court retained jurisdiction post-joinder, its ruling would always be at risk of reversal on appeal. Reversal for want of jurisdiction would undo the trial court's work, making its efforts a wasteful expenditure of its and the parties' resources. These problems can be avoided by rejecting any suggestion that the Supreme Court's decision in *Freeport–McMoRan* has any bearing on Rule 19 joinders.

For all the foregoing reasons, it is, accordingly,

ORDERED THAT plaintiff's motion for dismissal without prejudice be, and the same hereby is, granted.

So ordered.