# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30515

EARL BORDEN

Plaintiff-Appellant

v.

ALLSTATE INSURANCE COMPANY; GREG RUIZ

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, and GARZA and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:

Plaintiff Earl Borden ("Borden") appeals a grant of summary judgment in favor of Defendants Allstate Insurance Company ("Allstate") and insurance agent Greg Ruiz ("Ruiz") denying coverage for his Hurricane Katrina flood loss. Borden argues that the district court lacked subject matter jurisdiction and, alternatively, that material fact issues precluded summary judgment. We hold that the district court possessed federal question jurisdiction and correctly entered judgment in favor of Ruiz, but it overlooked Borden's affidavit in opposition to Allstate's summary judgment motion. The judgment is

AFFIRMED IN PART, VACATED IN PART, and the case is REMANDED for further proceedings.

## I. Background

Borden owned a Standard Flood Insurance Policy ("SFIP") issued by Allstate as a Write-Your-Own carrier participating in the National Flood Insurance Program ("NFIP"). On August 29, 2005, Borden's home suffered flood damage from Hurricane Katrina. When he attempted to file a claim under the flood insurance policy a week and a half later, Allstate informed him that the policy had expired on July 8, 2005, because of his failure to pay the renewal premium. Borden asserts that he never received the annual renewal notice.

Borden, a Louisiana citizen, sued Allstate in state court, alleging that Allstate negligently failed to issue a flood insurance policy and negligently represented that Borden had flood insurance coverage. Allstate, an Illinois citizen, removed the case to federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. Borden subsequently joined Allstate's agent Ruiz, also a Louisiana citizen, as a defendant. Allstate did not object to the joinder. Shortly afterward, Allstate filed a motion for summary judgment and also moved for the court to "clarify" its subject matter jurisdiction or, in the alternative, disallow joinder of the non-diverse party. The district court granted Allstate's motion for summary judgment and dismissed the claims against both defendants without addressing Allstate's other motions. The court later denied Borden's motion to set aside the judgment, which was filed simultaneously with this appeal.

## II. Standard of Review

We review questions of subject matter jurisdiction *de novo*. *In re Bissonnet Invs. LLC*, 320 F.3d 520, 522 (5th Cir. 2003). We also review a grant of

summary judgment *de novo. Croft v. Governor of Tex.*, 562 F.3d 735, 742 (5th Cir. 2009) (citation omitted). Summary judgment is appropriate when "the record demonstrates that 'there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (citation omitted).

### III. Discussion

*A.    Jurisdiction*

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 1244 (2006). Borden contends that the district court lacked subject matter jurisdiction, but Allstate argues that jurisdiction is proper on both § 1331 federal question and § 1332 diversity of citizenship grounds. We hold that only federal question jurisdiction is present here.

Diversity jurisdiction does not exist because both Borden and defendant Ruiz are Louisiana citizens. Allstate argues, however, that because Borden's claims against Ruiz were perempted under Louisiana law when he was joined, the joinder was fraudulent and should have been ignored for purposes of determining subject matter jurisdiction. Allstate knows better.

The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Salazar v. Allstate Tex. Lloyds, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). One way in which a diverse defendant may establish improper joinder is by showing "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47

(5th Cir. 2003)). Allstate contends that it established fraudulent joinder because Borden named Ruiz as a defendant in June 2007, almost two years after Borden discovered that no flood insurance coverage was in effect. Louisiana law provides a peremptive period of only one year for tort actions against an insurance agent arising from insurance services. LA. REV. STAT. ANN. § 9:5606(A).

Contrary to Allstate's position, the fraudulent joinder doctrine is inapplicable. In *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999), this court held that "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Id*. at 677 (emphasis in original). Instead, the doctrine permits courts to ignore "only those non-diverse parties *on the record in state court at the time of removal*." *Id*. The *Cobb* court reasoned that, when a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine. *Id*. at 678. In contrast, a diverse defendant can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend. *Id*. Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, "[t]he court [loses] subject matter jurisdiction," and remand is required pursuant to 28 U.S.C. § 1447(e).[1] *Id*. Allstate even cited *Cobb* to the district court in its motion to "clarify" jurisdiction.

---

[1] 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

As in *Cobb*, the district court granted Borden's *unopposed* motion to amend his complaint to add claims against Ruiz *after* Allstate removed the case. The district court then lost subject matter jurisdiction, and Allstate may not now assert fraudulent joinder in an effort to reinstate complete diversity. *Cobb* seems to create a trap for the unwary diverse defendant, or a device exploitable by a clever plaintiff. But the district court, properly apprised of *Cobb*, could have either denied Ruiz's joinder to begin with, or it could have vacated its order of joinder. Allstate neither timely apprised the court nor sought vacatur.

Nevertheless, the district court had federal question jurisdiction. Though unskillfully pled, Borden's claim for relief may only be characterized as "arising under" federal law for purposes of federal question jurisdiction. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2481, 2856 (1983). In *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), this court held that federal law applies to a dispute under a policy issued pursuant to the NFIP, which is a federal program effectuating federal policies and paid for by the federal fisc. *Id*. at 881. Thus, as our sister circuits have held, an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law. *See Studio Frames Ltd. v. Standard Fire Ins. Co.* 369 F.3d 376, 379-80 (4th Cir. 2004); *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 681–82 (7th Cir. 2001) (predicating jurisdiction on the doctrine of *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S. Ct. 573 (1943), which "establishe[d] that, when the duties or rights of the

United States are at stake under a federal program, that federal interest requires the application . . . of federal law"); *Newton v. Capital Assur. Co.,* 209 F.3d 1302, 1304-05 (11th Cir. 2000); *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 167 (3d Cir. 1998). That state law may control some aspects of the relation between the policyholder and insurance company, *see, e.g., Campo v. Allstate Ins. Co.,* 562 F.3d 751 (5th Cir. 2009), does not eliminate federal jurisdiction, which promotes uniformity in the interpretation of policies backed by the federal fisc. *See Clearfield Trust, supra,* 63 S. Ct. at 575.

Borden's claim is one for continued insurance coverage due to Allstate's breach of the provisions of the SFIP. Borden's SFIP, which is codified in the federal regulations, provides:

1.    This policy will expire at 12:01 a.m on the last day of the policy term.

2.    We must receive payment of the appropriate renewal premium within 30 days of the expiration date.

3.    If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete, or illegible address, which delayed its delivery to you before the due date of the renewal premium, then we will follow these procedures:

   a.    *If you or your agent notified us, not later than one year after the date on which the payment of the renewal premium was due, of non-receipt of a renewal notice before the due date for the renewal premium, and we determine that the circumstances in the preceding paragraph apply, we will mail a second bill providing a revised due date,* which will be 30 days after the date on which the bill is mailed.

> b. If we do not receive the premium requested in the second bill by the revised due date, then we will not renew the policy. In that case, the policy will remain an expired policy as of the expiration date shown on the Declarations Page.

44 C.F.R. pt. 61, app. (A)(1), art. VII(H) (2009) (emphasis added).

Borden attested that he informed Allstate of his non-receipt of a renewal notice approximately a week and a half after August 29, 2005, when Hurricane Katrina damaged his home. The one-year time period for Borden to notify Allstate of non-receipt of a renewal notice began to run from the due date of his renewal premium, 30 days after his policy's July 8, 2005, expiration date. Borden's notice of non-receipt in September 2005 was timely with respect to the one-year deadline. According to the SFIP, Borden would be entitled to a second renewal notice and an opportunity to continue his coverage if Allstate made a mailing mistake. Borden's right to relief thus turns upon the application of federal law to this SFIP dispute, and the district court had jurisdiction under § 1331.

## B. Summary Judgment

The district court correctly noted that Borden was required to complain of the non-receipt of a renewal notice within one year from the due date of his renewal premium. The court, however, overlooked Borden's affidavit averring the timeliness of his notice to Allstate. Because this admissible evidence sets the stage for further inquiry under the SFIP regulations,[2] the district court must on

---

[2] *Cf. Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009) (holding that federal law did not preempt state law policy procurement-based claims, unlike claims handling disputes governed, as here, by federal regulations).

remand proceed to adjudicate Borden's claim. We vacate the summary judgment in favor of Allstate.

Borden's claim against agent Greg Ruiz, however, was properly subject to summary judgment based on Louisiana's one year peremption statute for actions against insurance agents. LA. REV. STAT. ANN. § 9:5606(A). This defense was fully briefed in the trial court. The claimant's right accrues when the underlying act is discovered. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007). Although Borden timely filed suit against Allstate in 2006, he did not join Ruiz until June 2007, more than eighteen months after his flood damage claim had been denied. Borden's claim was preempted as a matter of law.

## Conclusion

For the foregoing reasons, we AFFIRM IN PART, VACATE IN PART and REMAND for further proceedings in accordance herewith.