# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2025

Lyle W. Cayce
Clerk

No. 24-20257

Sharon Wheatfall,

*Plaintiff—Appellant*,

*versus*

HEB Grocery Company, L.P.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1961

_____

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The district court dismissed Wheatfall's action to vacate an arbitral award for improper service of process. But we hold that the district court lacked subject matter jurisdiction over this case. Accordingly, we VACATE and REMAND with instruction to remand to state court.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-20257

## I. Background

Sharon Wheatfall filed suit in the Southern District of Texas against HEB Grocery Company ("HEB") on August 20, 2021, alleging discrimination in violation of the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code. *Wheatfall v. HEB Grocery Co.*, No. 4:21-cv-2740 (S.D. Tex. Aug. 20, 2021). When the parties agreed to proceed through arbitration, the district court administratively closed the case. On February 2, 2023, the arbitrator dismissed Wheatfall's claims as time-barred because she had not brought the claims within 90 days of receiving her "Right to Sue" letter from the Equal Employment Opportunity Commission.

On May 2, 2023, Wheatfall again filed suit against HEB, this time in state court in Harris County, Texas, seeking to vacate the arbitral decision. Wheatfall's counsel emailed a copy of the Petition and Notice to Vacate, both filed with the state court, to HEB's counsel that same day. HEB then removed the case to federal district court and moved to dismiss for improper service of process and failure to state a claim. Fed. R. Civ. P. 12(b)(5), (6). The district court denied Wheatfall's motion to remand and dismissed the case for insufficient service of process. Wheatfall timely appealed.

## II. Discussion

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "We review questions of subject matter jurisdiction *de novo*." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 170 (5th Cir. 2009). The district court found federal question jurisdiction because "the arbitration claims would . . . be subject to federal-question jurisdiction absent the arbitration agreement, the district court ha[s] authority to resolve the parties' motions under . . . the FAA." We disagree.

2

No. 24-20257

The Federal Arbitration Act ("FAA") "authorizes parties to arbitration agreements to file specified actions in federal court," including, as is the case here, "applications to . . . vacate . . . arbitral awards" under Sections 9 through 11. *Badgerow v. Walters*, 596 U.S. 1, 8, 142 S. Ct. 1310, 1316 (2022); 9 U.S.C. § 1 *et seq.* This authorization alone, however, is "not an independent source of jurisdiction." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001). "[A]n applicant seeking . . . to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." *Badgerow*, 596 U.S. at 8, 142 S. Ct. at 1316 (internal quotations omitted). Because Sections 9 and 10 lack the "look-through instruction" found in Section 4, *Badgerow* expressly rejected the theory of federal question jurisdiction on which the district court relied. *Id.* at 11, 142 S. Ct. at 1317–18. To establish federal question jurisdiction, then, "an obvious place" to look "is the face of the application itself." *Id.* at 9, 142 S. Ct. at 1316.

None of the claims on the face of Wheatfall's application provides an independent basis for federal question jurisdiction. The first two claims, that the arbitrator displayed partiality and exceeded his powers, derive directly from Section 10 and cannot establish jurisdiction under *Badgerow*. *See* 9 U.S.C. § 10(a)(2),(4). Wheatfall's third claim alleges that the arbitrator "display[ed] manifest disregard of the law." Under both the Supreme Court's and this court's precedent, "manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA," and thus cannot establish federal question jurisdiction. *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009); *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583–85, 128 S. Ct. 1396, 1403–04 (2008); *see Bell v. Health-More, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977) ("[A] frivolous or insubstantial claim, i.e., a claim which has no plausible

3

No. 24-20257

foundation or which is clearly foreclosed by a prior Supreme Court decision," cannot establish federal question jurisdiction.).

## III. Conclusion

After *Badgerow*, Courts may not "look through" a Section 9 and 10 FAA action to establish federal question jurisdiction based on the underlying dispute. Because Wheatfall's complaint does not raise a federal question on its face, the district court lacked subject matter jurisdiction.[1]

We VACATE the district court's opinion and REMAND with instruction to remand to state court.

---

[1] Because Wheatfall filed a new action in state court rather than reinstating the original action in federal court, we decline to address the "jurisdictional anchor" theory of continuing jurisdiction. *Compare SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 181 (4th Cir. 2024), *with Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1102–3 (7th Cir. 2023).