**Hugh BRYSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14859.**

United States Court of Appeals
Ninth Circuit.

April 12, 1957.

838

Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, and HAMLIN and SOLOMON, District Judges.

SOLOMON, District Judge.

Bryson, in his petition for rehearing, contends that the instruction on affiliation was fatally defective and that our decision to the contrary is inconsistent with our decision in Fisher v. United States, 9 Cir., 1956, 231 F.2d 99. We find no inconsistency.

In evaluating the instructions on affiliation, we, as well as the court in the Fisher case, used the test stated in Bridges v. Wixon, 1945, 326 U.S. 135, 143, 65 S.Ct. 1443, 89 L.Ed. 2103. In that case, the Supreme Court declared that proof of affiliation must show an adherence to or a furtherance of the purposes and objectives of the Communist Party, as distinguished from mere cooperation with it in lawful activities.

In the Fisher case [231 F.2d 106], the instruction defined affiliation as follows: "To connect or associate one's self with; to adopt, hence usually to bring or receive into close connection; to ally." The court recognized that this instruction did not exclude the possibility that Fisher might have been convicted without proof that he adhered to the purposes of the Party. The conviction was therefore reversed.

In this case, the trial court instructed the jury that "A person to be affiliated with the Communist Party * * * must be a member in every sense and stand in the relationship of a member in every sense but that of the mere technicality of being a member—in everything but name." We think it self-evident, and Bryson himself all but concedes, that a member can be regarded as adhering generally to the purposes of his organization so as to satisfy the requirement of Bridges v. Wixon, supra. The limitation of affiliation to membership in everything but name provides the essential element which was lacking in the Fisher instruction.

■ In our original opinion, we considered the use in the trial court of evidence of Bryson's lawful political activities.[1] He claims that this amounts to punishment for engaging in lawful activities protected by the First Amendment.

The act under which he was charged does not punish political activities since it deals solely with false swearing.[2] Bryson was privileged to urge people to get signatures for the Progressive Party, but he had no constitutional right to lie about his connections with the Communist Party.

In essence, Bryson's argument is that no evidence of lawful conduct is admissible to prove a crime. This contention is patently without merit.

■ Bryson next contends that the Government must show that he was an active affiliate of the Communist Party on the date of his affidavit in order to punish him for falsely swearing that he was not so affiliated.[3] He cites as persuasive on this point a concession by a Government attorney, made during an oral argument in a Smith Act prosecution, that a person could not constitutionally be convicted under that law for inactive membership, even though membership under that law is an offense.[4] We do not decide the proposition as applied to the Smith Act,[5] but we are agreed that it has no merit as applied to § 9(h) of Taft-Hartley, 29 U.S.C.A. § 159(h).

The important difference between the two laws is that the Taft-Hartley Act, unlike the Smith Act, does not proscribe political affiliations or activities. It merely proscribes false swearing. Affiliation is a relationship which can exist even when not manifested by activity. It is a fact capable of being known, misrepresented and proved. We believe that the evidence of Bryson's connections with the Communist Party, both before and after the date of the affidavit, afforded an adequate basis from which the jury could properly infer that Bryson

1. See Bryson v. U. S., 9 Cir., 238 F.2d 657, at page 660.

2. The indirect effects of the affidavit requirement in restraining political freedom were considered and held constitutional in American Communications Association, C. I. O. v. Douds, 1950, 339 U. S. 382, 70 S.Ct. 674, 94 L.Ed. 925.

3. In support of this contention, Bryson cites as authority what he states to be a holding in American Communications Association, C. I. O. v. Douds, supra, which in his petition for rehearing reads as follows:
"Before there can be a 'successful prosecution for false swearing' there must be proof of 'overt acts . . . done with knowledge that they contravene the statute.' (339 U.S. at pages 411–413, 70 S.Ct. at pages 690–691)"

We have carefully examined this opinion, and we are convinced that it contains no such holding. We do not commend the practice employed by Bryson of presenting as a single quotation, material taken from portions of an opinion so widely separated that the three-dot symbol of omitted material represents two pages of text and a major subject matter division. While the construction of quotations necessarily involves discretion, the quoted material should fairly represent both the language of the original text and its meaning. Bryson's quotation meets neither test.

4. Report of argument in Scales v. United States and Lightfoot v. United States, 25 U.S.Law Week 3110.

5. 18 U.S.C.A. § 2385.

**840**

was affiliated with the Party at the time he executed his affidavit and that he knowingly falsified such relationship in this affidavit. Neither the Constitution nor § 9(h) of the Taft-Hartley Act requires anything more.

Bryson also contends that the term "affiliation" as used in this statute is so vague that it violates the constitutional requirement of certainty in criminal legislation. American Communications Association, C. I. O. v. Douds, supra, 339 U.S. at page 412, 70 S.Ct. at page 690, provides the answer to this argument. The court there stated that an abstract definition of affiliation which would eliminate all cases of doubt is not required in order to avoid the objection of vagueness. What is required is that the false statement shall have been made with knowledge that it was in violation of the statute. In this case, Bryson was found to have denied that he was affiliated with the Communist Party at a time when he was a member of the Party in everything but name. We think that a person who is a member in everything but name could not honestly and without taint swear that he was not affiliated with the Party. § 9(h), as applied in this case, was not unconstitutionally vague according to that standard.

Bryson objects to our conclusion that the trial court properly admitted statements by the trade union director of the Communist Party concerning the Party's policy towards the non-Communist affidavit provisions of the Taft-Hartley Act made at a Party meeting attended by Bryson.

We found that such testimony was admissible on the theory of testimonial completeness. We also found that it was within the state-of-mind exception to the hearsay rule.

Bryson claims that our analysis of the testimony as being within the state-of-mind exception to the hearsay rule was not only incorrect but also unfair, since the theory and two of the cases cited by us on this point had not been suggested in the briefs.

It would accomplish little to re-examine our analysis on this point since Bryson makes no objection to our holding that the testimony was admissible on the theory of testimonial completeness.

We have carefully examined each of Bryson's other contentions and find all of them without merit. The petition for rehearing and the application for a rehearing *en banc*, which we treat as a suggestion under our Rule 23, 28 U.S.C.A., are denied.