Larry MELANCON, et al.,
Plaintiffs-Appellants,

v.

TEXACO, INC., Defendant-Appellee.

No. 81–3254
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

Thedore M. Haik, Jr., New Iberia, La., for plaintiffs-appellants.

Patrick T. Caffery, David R. Dugas, New Iberia, La., William C. Conrad, Timothy W. Cerniglia, New Orleans, La., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Melancon appeals from a denial of his motion to remand to the state court an action that, on grounds of diversity, had been removed from state court to the federal court for the Western District of Louisiana. Melancon argues that the trial judge erred in refusing to remand the suit to the state court and in recalling and vacating an order that on Melancon's ex parte motion had permitted the joinder of a non-diverse party defendant. Because the interlocutory orders complained of are not appealable, we dismiss the appeal.

*Facts*

This tort suit was filed in the form of a class action on behalf of those employees of Diamond Crystal Salt Company of Jefferson Island, Louisiana, who were left unemployed when due to the defendant Texaco's fault a mine owned and operated by Diamond Crystal was flooded by the waters of Lake Peigneur. Actions were commenced both in state and federal court. Texaco removed the state case to federal court; twenty days later, the federal district court granted Melancon's ex parte motion to amend its complaint to add another defendant, Wilson Brothers Corporation (a Louisiana corporation), which Melancon alleges was in charge of Texaco's drilling operations in the Lake Peigneur area.

Two weeks later, Melancon then filed a motion to remand the case to state court, arguing that diversity had been destroyed because Wilson, a Louisiana corporation had been joined as party defendant by Melancon's ex parte motion. (Melancon also argued that, the jurisdictional amount did not satisfy the amount in controversy requirement for diversity jurisdiction because, although one hundred million dollars in damages was claimed for the class, in fact not all the members of the class had suffered a loss sufficient in amount to confer diversity jurisdiction.) The trial court recalled and vacated the order allowing Wilson to be joined as codefendant and it denied the motion to remand.

*The Issues Raised by the Appeal*

On appeal, Melancon contends (1) that the trial judge erred in not remanding the case to state court for failure to satisfy the jurisdictional amount necessary, and (2) that the judge erred in recalling and vacating his order to allow joinder of Wilson Brothers Corporation, in that Wilson is allegedly an indispensable party under Fed.R. Civ.P. 19.

*The Orders Appealed from are Interlocutory and Non-Appealable*

We do not reach the merits of either ruling, because the orders appealed from are interlocutory and non-appealable.

As to the first issue raised by the appeal, an order denying remand of a case removed to federal court is not a final order

within the meaning of 28 U.S.C. § 1291.[1] Thus, such an interlocutory order cannot be appealed unless certified by the district court in accordance with 28 U.S.C. § 1292(b).[2] *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063 (5th Cir. 1981); *Capital Bancshares, Inc. v. North American Guaranty Ins. Co.*, 433 F.2d 279, 282 (5th Cir. 1970); *Lewis v. E. I. DuPont De Nemours & Co.*, 183 F.2d 29, 31 (5th Cir. 1950); 1A Moore's Federal Practice ¶ 0.169[2.–3], at 580 (2d ed. 1979); 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3740, at 768–69 (1976); 15 *id.* § 3914, at 547–48. Such certification was not obtained in the present case. We are, therefore, without jurisdiction to review this order by this appeal.

For similar reasons we are without jurisdiction to review by this appeal the second issue raised. Orders granting or denying motions to add new parties to a pending suit are interlocutory and non-appealable. *Wells v. South Main Bank*, 532 F.2d 1005 (5th Cir. 1976); 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3914, at 558 (1976).

Further, no authority supports Melancon's argument that a procedural impropriety resulted from the district court's recall and vacating of the order previously obtained by Melancon's ex parte motion to join Wilson as a codefendant. As long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.[3] *United States v. Jerry*, 487 F.2d 600, 604–05 (3d Cir. 1973); *United States v. Bryson*, 16 F.R.D. 431, 435 (N.D.Cal.1954), *aff'd.*, 238 F.2d 657 (9th Cir. 1956), 243 F.2d 837 (9th Cir. 1957), *cert. denied*, 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed.2d 34 (1957); *see also* decisions cited at 60 C.J.S. Motions & Orders, § 62(1) (1969) and at 56 Am.Jur.2d Motions & Orders, § 42 (1971). (Of course, as in the case of other interlocutory rulings, on appeal from final judgment review may be had of the propriety of the order, of its substantive correctness, or of whether the order resulted from an abuse of discretion.)

## Conclusion

Because the orders complained of by this appeal are non-appealable interlocutory orders, the appeal is DISMISSED.

APPEAL DISMISSED.

---

1. 28 U.S.C. § 1291 provides:
   The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

2. 28 U.S.C. § 1292(b) provides:
   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

3. *For similar reasons, this panel is not bound by the earlier action of another panel ruling on administrative interim motions in initially denying the appellee's motion to dismiss the appeal. See order entered June 10, 1981. Neither party, however, adverts to this earlier order; nor could the inadvertently erroneous earlier interlocutory ruling confer appellate jurisdiction upon this panel to decide the non-appealable issues raised by this appeal.*