**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-50356
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RENE GARZA BOTELLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-92-CR-207)
_____

September 24, 1999

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rene Garza Botello appeals the district court's dismissal of his 28 U.S.C. § 2255 motion as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Botello contends that the district court abused its discretion in three respects: 1. by acting without jurisdiction in reversing its prior interlocutory order granting Botello's motion to file a late § 2255 motion; 2. by allowing the government to relitigate the issue of whether there were "extraordinary circumstances" sufficient to toll the one year period of limitation in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2244(d)(1) of the AEDPA; and, 3.   in finding that the "extraordinary circumstances" test under the AEDPA was not met and by dismissing Botello's § 2255 motion as time-barred.  For the reasons that follow, we vacate the order of the district court and remand for consideration of whether sufficient extraordinary circumstances occurred after the adoption of the AEDPA to warrant equitable tolling of the one year period of limitation.

I.

Botello was convicted by a federal jury in March 1993 of conspiring to possess cocaine with intent to distribute, possessing cocaine with intent to distribute, and using a person under 18 years of age to avoid detection and apprehension.  The district court sentenced Botello to serve concurrent 115-month terms of imprisonment on all three counts, plus concurrent supervised release terms and fines.  Botello appealed the convictions, which this court affirmed in an unpublished opinion.

On April 9, 1997, as the one year deadline under the AEDPA for filing a 28 U.S.C. § 2255 motion approached, Botello filed a motion for enlargement of time, pursuant to Fed. R. Crim. P. 45 (b).  As grounds, Botello argued that he was now pro se because his lawyer had committed suicide, that he had been moved from one prison to another, and that he had been subject to administrative segregation, preventing him from completing his § 2255 motion. The district court denied the request in April 1997, incorrectly concluding that the one year statute of limitations under the AEDPA did not apply to § 2255 motions.  Botello appealed.

In July 1997, Botello sought leave to file a late § 2255 motion, asserting "extraordinary circumstances" to justify tolling the limitations period under the AEDPA.  These circumstances included the suicide of his attorney, inability to obtain his deceased attorney's work product, and the removal of legal papers from his custody by prison officials.  The district court granted the motion, finding that "the request is well taken" without further explanation.  Botello then voluntarily dismissed his appeal of the denial of his motion for enlargement of time.

Botello's newly retained counsel filed a § 2255 motion, and the district court ordered the Government to file a response.  In its response, the Government argued that Botello's motion was time-barred under the AEDPA.  In April 1998, the district court dismissed the motion as time-barred.  The district court granted a Certificate of Appealability, and this appeal followed.

II.

A.

Botello first argues that the district court abused its discretion in acting without jurisdiction to reverse its interlocutory order granting Botello's motion to file a late s. 2255 motion.  He contends that the interlocutory order was not reviewable.  We disagree.  So long as a district court has jurisdiction over a case, it retains power to reconsider, rescind, or modify an interlocutory order.  <u>Melancon v. Texaco</u>, 659 F.2d 551, 553 (5th Cir. 1981).  Thus, the district court did

not err in asserting jurisdiction to modify an interlocutory order.

B.

Botello next argues that the district court erred in allowing the Government to relitigate the issue of whether there were "extraordinary circumstances" sufficient to toll the one year period of limitation in § 2244(d)(1) of the AEDPA. Specifically, he argues that the Government's failure to oppose Botello's July 1997 motion to file a late § 2255 motion based on "extraordinary circumstances" bars it from relitigating the issue under the doctrine of collateral estoppel.

Even if the issue of "extraordinary circumstances" was fully and fairly litigated by the district court, the district court's order granting Botello leave to file a late § 2255 motion was an interlocutory order. Such a non-final order is unreviewable and is also subject to modification by the district court. As such, collateral estoppel cannot apply to bar relitigation of the issue decided in such an order. Thus, the district court did not err

in allowing the Government to relitigate the "extraordinary circumstances" issue.

C.

Finally, Botello argues that the district court abused its discretion in finding that the "extraordinary circumstances" test was not met and by dismissing Botello's § 2255 motion as time-barred. In <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998),

4

this court held that the one-year period of limitation in § 2244(d)(1) of the AEDPA is subject to equitable tolling "in rare and exceptional circumstances."

The district court, in finding that no "extraordinary circumstances" existed in this case, focused almost exclusively on the opportunities available to Botello before the enactment of the AEDPA. It noted that Botello did not attempt to prepare and file his § 2255 motion until after the district court denied his motion for a new trial, more than a year after this court affirmed his conviction. Moreover, it found that Botello retained his attorney in January 1994, and the attorney did not commit suicide until June 1996, during which time there was ample opportunity to prepare the § 2255 motion.

We agree with the district court that Botello had ample opportunity before the enactment of the AEDPA to prepare and file a § 2255 motion. But Botello was under no serious time constraints before AEDPA's adoption. Therefore, in deciding whether "extraordinary circumstances" exist that are sufficient to toll the one year limitations period, we must consider circumstances that occured <u>after</u> enactment of the AEDPA.

Botello alleged facts that - if accepted by the district court - established "extraordinary circumstances." His attorney committed suicide almost immediately after the AEDPA came into effect. Also, Botello could not obtain access to his attorney's work product, and he often lacked access to his own legal materials.

We must therefore remand this case to the district court to consider the circumstances Botello relies upon that occurred after the enactment of the AEDPA and determine which of these facts it accepts as true and whether these facts are sufficient to toll the one year limitations period for filing a § 2255 motion.

## III.

For the reasons stated above, we VACATE the district court's dismissal of Botello's § 2255 motion and REMAND for consideration of whether sufficient extraordinary circumstances occurring after the enactment of the AEDPA exist to toll the one year period of limitations to file a § 2255 motion. If the district court answers this question in the affirmative it should then consider the merits of Botello's petition.

Vacated and remanded.