The Clerk is directed to transmit a true of copy of this Order to counsel of record herein.

Gregory **WILLIAMS** and Turana Williams, Plaintiffs,

v.

**VINCENT INTERNATIONAL, INC. d/b/a Vincent Corporation, Also Known as Vincent Dryer Company, and Vincent Processes, Inc., Maxon Corporation, Hauck Manufacturing Company, Eclipse Instrumentation A Division of Eclipse, Inc., Barber Colman Company, Pyromation, Inc., Dwyer Instruments, Inc., Hoffman Enclosures, Inc. f/b/a Hoffman Engineering Company, Bur-**

**56.** *See supra* note 18.

**57.** Doc. # 33.

**58.** *See supra* note 18.

**59.** Doc. # 33 ("It is not protected by attorney-client privilege[ ]").

**60.** *See supra* note 18.

**61.** Doc. # 33 ("Furthermore, it is a routine business practice to conduct such an interview.").

**62.** *See supra* note 35–42.

**63.** Doc. # 33.

**64.** Doc. # 40.

**65.** Doc. # 58.

**66.** Doc. # 37.

**67.** *See supra* note 56.

ling Instrument, Inc., Automatic Switch Company Valves, Micro Switch, A Division of Honeywell, Inc., Mason & Overstreet Welding and Machine Works, Inc., Fireye Products, A Division of Electronics Corporation of America, and Vincent XYZ, Defendants.

No. CIV.A.3:99CV33LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 16, 2000.

John Arthur Eaves, Kirk Gavin Ladner, John Arthur Eaves Law Office, Jackson, MS, for Gregory Williams and Turana Williams.

Roger C. Riddick, Bonnie Joye Bridgers, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for Central Industries, Inc. and Mississippi Manufacturers Association Workers' Compensation Group.

James P. Streetman, III, Lee C. England, Clark, Scott & Streetman, Jackson, MS, for Vincent Corporation, John Does 1-20 and John Does.

John D. Price, Wise, Carter, Child & Caraway, Jackson, MS, for Eclipse Instrumentation.

John L. Low, Kathleen P. Morgan, Leah McDowell, Watkins & Eager, Jackson, MS, for Barber Coleman Co.

Joseph L. McNamara, J. William Manuel, McNamara, Bailey & Kelly, Jackson, MS, for Pyromation, Inc.

Walter H. Boone, Edwin S. Gault, Jr., Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Hoffman Enclosures, Inc. and Burling Instrument, Inc.

David C. Dunbar, Harris, Geno & Dunbar, P.A., Jackson, MS, James R. Silverstein, Frilot, Partridge, Kohnke & Clements, New Orleans, LA, for Automatic Switch Co.

Roy A. Smith, Jr., Daniel, Coker, Horton & Bell, Jackson, MS, for Mason & Overstreet Welding and Machine Works, Inc. and Fireye Products, Division of Electronics Corporation of America.

Thomas E. Williams, Clifton Leslie Kling, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Maxon Corporation.

Craig D. Smith, Edmonson, Biggs & Mozingo, P.A., Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Hauck Manufacturing Company.

Robert S. Addison, Daniel, Coker, Horton & Bell, Jackson, MS, for Dwyer Instruments, Inc.

C. York Craig, Jr., Watkins, Ludlam, Winter & Stennis, PA., Jacksonville, MS, Brad P. Engdahl, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Micro Switch, a Division of Honeywell, Inc.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

Plaintiffs Gregory Williams and Turana Williams have moved the court, pursuant to 28 U.S.C. § 1447(c) and (e), to remand this action to the Circuit Court of Scott County, Mississippi, on the basis of diversity jurisdiction since the citizenship of defendant Mason & Overstreet Welding and Machine Works, Inc. (Mason & Overstreet), which plaintiffs added as a party via a post-removal amendment of their complaint, is nondiverse from that of plaintiffs. Defendant Vincent International, Inc., d/b/a Vincent Corporation, a/k/a Vincent Dryer Company and Vincent Processes, Inc. (Vincent), along with Mason & Overstreet, has responded in opposition to plaintiffs' remand motion, and Mason & Overstreet has filed its own motion to dismiss plaintiffs' amended complaint on the ground that plaintiffs' claims against it are barred by the applicable statute of limitations. Plaintiffs have responded in opposition to Mason & Overstreet's motion. Having considered the issues raised and implicated by the parties' motions in light of the record in this cause, the court concludes that plaintiffs have no viable claim against Mason & Overstreet and that therefore, Mason & Overstreet is due to be dismissed, and that consequently, plaintiffs' motion to remand should be denied.

The facts and circumstances which lead the court to this conclusion are as follows. On December 18, 1998, one day prior to the running of the applicable statute of limitations on their claims, plaintiffs filed their complaint in state court seeking to recover $1,000,000 in damages allegedly sustained when a feather dryer, purportedly manufactured by Vincent, exploded upon being opened, causing Gregory Williams to suffer "severe burns and other bodily injury" and causing his wife, Turana Williams, ultimately to suffer mental anguish as a result of her husband's injuries.[1] In their state court complaint, plaintiffs, Mississippi residents, named as defendants "Vincent Corporation and John Does 1–20". Thus, Vincent, a Florida corporation, removed the action to this court on January 14, 1999, on the basis of diversity jurisdiction. Several months later, on June 14, 1999, plaintiffs filed with the magistrate judge a motion for leave to amend their complaint to join parties, and therein asked that they be allowed to amend the complaint to name the numerous John Doe defendants whose names had been learned through discovery, and to join Mason & Overstreet, which was alleged to have performed work on the dryer. Defendant Vincent, the sole defendant at that time, filed no response to the motion and thus, by order dated July 9, 1999, the magistrate judge took the motion as confessed and granted the request to amend, contemporaneously extending all of the case management order deadlines, including discovery deadlines, and rescheduling the trial date. No appeal was taken from that order.

Plaintiffs thereafter filed their amended complaint on July 23, 1999. Over four months later, on November 29, 1999, plaintiffs moved to remand the case, asserting for the first time that the addition of Mason & Overstreet as a defendant destroyed the diversity jurisdiction that had existed prior to the amendment, necessitating remand in accordance with 28 U.S.C. § 1447(e), which mandates remand upon the joinder of a defendant whose joinder would destroy subject matter jurisdiction.[2] Here, however, because the amended complaint states no viable claim

---

**1.** Mississippi's general three-year statute of limitations, as set forth in Miss.Code Ann. § 15–1–49(1), is applicable to this products liability action.

**2.** Section 1447(e) states,

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

against Mason & Overstreet, and never did, joinder of Mason & Overstreet should not have been allowed, and the court will therefore dismiss Mason & Overstreet and deny the motion to remand.

■ In reaching this conclusion, the court would observe that it is apparent from the language and terms of his order of July 9, 1999 that the magistrate judge, in granting the plaintiffs' motion to amend, gave no consideration either to the effect that joinder of Mason & Overstreet could have on subject matter jurisdiction under § 1447(e), or to the futility of the proposed joinder; rather, he simply granted the motion "as confessed." That he did so is not surprising since at the time he granted the motion and for several months thereafter, the magistrate judge was evidently unaware that one of the numerous defendants which plaintiffs had sought to join, and whose joinder he had allowed, was of nondiverse citizenship from the plaintiffs.[3] The court has no doubt that had this been brought to his attention by the plaintiffs in their motion, or perhaps by a response from defendant Vincent, he would have conducted the proper analysis for post-removal joinder of nondiverse defendants as dictated by the

Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)[4]; and if he had then concluded, rightly or wrongly, that joinder should be allowed, he would have promptly directed that the case be remanded for want of subject matter jurisdiction, as directed by § 1447(e). He did neither, a fact which confirms to the court that the magistrate judge was not fully apprised of the import of plaintiffs' request to amend. Plainly, whether intentionally or not, plaintiffs made no effort to specifically bring the nondiverse citizenship to the magistrate judge's or Vincent's attention, and the potential jurisdictional effect of the motion was not otherwise apparent from the motion.[5] Although Mason & Overstreet's citizenship was listed in the proposed amended complaint, it does not appear that the magistrate judge or Vincent scrutinized the complaint for this information, or that either had any notion that the court's continued jurisdiction was at stake.[6]

■ In *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir.1999), the Fifth Circuit concluded that the district court had erred in relying on the fraudulent joinder doctrine to

3. Indeed, pursuant to this court's Uniform Local Rule 72.5, while motions to amend are heard by the magistrate judge, motions to remand are to be heard by the district judge, rather than the magistrate judge, and thus typically, a plaintiff who seeks by post-removal amendment to add a party whose presence would destroy diversity jurisdiction couples his motion to amend with a motion to remand and files the motion before the district judge. That did not occur here.

4. In *Hensgens*, the Fifth Circuit set forth the following non-inclusive list of factors to be considered by the district court when carefully scrutinizing an amended pleading seeking to name new, nondiverse defendants in a removed case:

the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens*, 833 F.2d at 1182.

5. This lack of any hint in the motion as to its jurisdictional impact is highlighted by the plain-

tiffs' reference therein to their Rule 15 right to freely amend—a right which does not exist in this situation, *see infra* note 7—and their argument that Vincent would suffer no prejudice as a result of the joinder, an assertion belied by the fact that the amendment, if granted, would have resulted in remand of a case Vincent had affirmatively removed from state court.

It is notable, as well, that notwithstanding that 28 U.S.C. § 1447(e) mandates remand upon the joinder of a nondiverse defendant, plaintiffs did not file a motion to remand this matter until more than four months after the magistrate granted their motion to amend.

6. While the court is convinced that the magistrate judge was unaware of all the facts pertinent to plaintiffs' motion to amend, namely Mason & Overstreet's citizenship, there is nothing before the court to show whether Vincent was similarly in the dark though presumably it was. The fact that Vincent had removed the case to federal court in the first place suggests that it was not ambivalent about the forum for resolution of the case and that it was desirous of a federal forum. Thus, one would naturally assume that Vincent, had it been cognizant of the jurisdictional effect of the plaintiffs' proposed amendment, would have timely objected.

justify its refusal to remand after it had allowed a post-removal amendment, saying that "once it permitted joinder of the non-diverse defendants, the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Id.* at 678. The court, though, left open "the question whether the court properly could have exercised its inherent power to recall its judgment and withdraw its order permitting joinder." *Id.* at 678 n. 8. The court is of the view that this is precisely what should occur in the case at bar. Because the magistrate judge was not alerted to the need to closely scrutinize the proposed amendment as dictated by *Hensgens*,[7] there has never been a judicial determination, according to the proper standards, that the addition of Mason & Overstreet, a nondiverse party, ought to be allowed. *See Melancon v. Texaco, Inc.*, 659 F.2d 551 (5th Cir. Unit A 1981) (where district court recalled and vacated ex parte order permitting joinder of nondiverse defendant and then denied remand, Fifth Circuit found no "procedural impropriety," since the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"); *see also Hensgens*, 833 F.2d at 1182 (vacating order permitting amendment and remanding to lower court for further consideration of equities of

proposed amendment where record indicated that the problem of the post-removal addition of a nondiverse defendant was not recognized by the parties or the court, which had granted the joinder as a "routine matter"). Had that analysis occurred, the joinder would not have been allowed given that the claims sought to be asserted by plaintiffs against Mason & Overstreet were clearly time-barred. To deprive the existing defendant of its right to a federal forum by the joinder of a party against whom the plaintiffs have no viable claim for relief would not be equitable in the least. Because refusal to allow joinder under these circumstances could not injure plaintiff, but would obviously be inequitable to the defendant, the joinder of Mason & Overstreet was improper. *See Hensgens*, 833 F.2d at 1182 (court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities").

Accordingly, the court concludes that the order permitting the amendment to join Mason & Overstreet should be vacated, and that the motion to amend to add Mason & Overstreet should be denied.[8] It is thus ordered

---

7. *See Hensgens*, 833 F.2d at 1182 ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'should be freely given when justice so requires,' and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."); *see also Sharp v. Kmart Corp.*, 991 F.Supp. 519, 521 (M.D.La.1998) ("In *Hensgens*, the Fifth Circuit found that where a district court is faced with a motion to amend the complaint to add a non-diverse defendant in a removed case, the district court should scrutinize the amendment more closely than it does an ordinary amendment. In short, the right to freely amend set forth in Rule 15 of the Federal Rules of Civil Procedure does not apply where a party seeks to add a non-diverse party in a removed case.").

8. The Fifth Circuit, explaining in *Cobb* why "[t]he fraudulent joinder doctrine does not apply

to joinders that occur after an action is removed," stated,

A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who would never be allowed to become defendants in the first place.

*Cobb*, 186 F.3d at 677–78. In the case at bar, notwithstanding the Fifth Circuit's explication in *Cobb* about why fraudulent joinder could never occur in the context of a post-removal joinder, it is obvious in this case that what should never have happened has, in that the plaintiffs were allowed to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction. This court nevertheless acknowledges that were the order au-

that plaintiffs' motion to amend is denied and, since without the presence of Mason & Overstreet in the suit, complete diversity exists among the remaining parties, namely, the plaintiffs and Vincent, subject matter jurisdiction is proper in this court and the motion to remand is therefore denied.[9] Finally, Mason & Overstreet's motion to dismiss is denied as moot.

thorizing the joinder to remain in effect, it would lack jurisdiction to dismiss Mason & Overstreet.

9. Although the plaintiffs added thirteen other defendants via the amendment, they have subsequently agreed to dismiss each of those defendants with prejudice, apparently for the reason that their claims against all these defendants were time-barred.