IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10215
Conference Calendar

_____

RANDY LEE HADDERTON,

Plaintiff-Appellant,

versus

ROB LEE; CHIEF, LUBBOCK POLICE DEPARTMENT;
CITY OF LUBBOCK; JERRY RANDALL; AUBREY STARK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-22-C
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). In the present case, Randy Lee Hadderton, federal prisoner #25439-007, has filed a notice of appeal from the denial of his motion to remand the case to state court.

The courts of appeal have jurisdiction to review "all final decisions of the district courts of the United States . . ." 28 U.S.C. § 1291. A denial of a motion to remand is not a final,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but rather an interlocutory order. <u>Melancon v. Texaco, Inc.</u>, 659 F.2d 551, 552-53 (5th Cir. 1981). "An order denying a motion to remand, 'standing alone,' is '[o]bviously . . . not final and [immediately] appealable' as of right." <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 74 (1996) (quoting <u>Chicago, R.I. & P. R. Co. v. Stude</u>, 346 U.S. 574, 578 (1954)). In order to be immediately appealable, an interlocutory order must either: (1) fall within a narrow class of statutorily or jurisprudentially recognized exceptions, <u>Lakedreams v. Taylor</u>, 932 F.2d 1103, 1107 (5th Cir. 1991), (2) be accompanied by a final order, <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 548 (5th Cir. 1981), or (3) be certified by the district court in accordance with 28 U.S.C. § 1292(b), <u>Melancon</u>, 659 F.2d at 553.

A refusal to remand does not fall within any of the traditional exceptions to the final-order rule. <u>B., Inc.</u>, 663 F.2d at 548. The refusal to remand was not accompanied by a final order. Nor was the appeal certified by the district court pursuant to 28 U.S.C. § 1292(b). The order denying remand is not appealable, and this court is without jurisdiction over the appeal.

APPEAL DISMISSED FOR LACK OF JURISDICTION.