Harry McDONALD Plaintiff

v.

UNION NATIONAL LIFE INSURANCE COMPANY, et al. Defendants

No. CIV.A. 4:03CV41BN.

United States District Court, S.D. Mississippi, Eastern Division.

March 9, 2004.

832

David Lee Sullivan, David L. Sullivan, Laurel, MS, Timothy L. Waycaster, Waycaster & Waycaster, LLP, Natchez, MS, for Harry McDonald, plaintiff.

Charles E. Griffin, Griffin & Associates, Jackson, MS, Arthur F. Jernigan, Jr., Watson & Jernigan, P.A., Jackson, MS, William C. Brabec, James F. Ahrend, Donna Marie Meehan, Adams and Reese, Jackson, MS, Jane "Jenny" Horne Myers Virden, Chapman, Lewis & Swan, Madison, MS, for Union National Life Insurance Company, United Insurance Company of America, John Does, Jacques Young, Jason Anders, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff for Mandatory Remand. Having considered the Motion, Response, Rebuttal, and attachments to each, as well as supporting and opposing authority, the Court finds that the Motion of Plaintiff for Mandatory Remand should be denied and that the Order allowing Plaintiff to Amend his Complaint should be vacated. The Court also finds that this case should be stayed *sua sponte*.

### I. BACKGROUND AND PROCEDURAL HISTORY

On or about February 1, 1988, Plaintiff Harry McDonald purchased a whole life insurance policy from Defendants Union National Life Insurance Company (hereinafter Union National) and United Insurance Company of America (hereinafter United). Plaintiff McDonald purchased the policy at his home from an agent of Defendant Union National. The policy was a "whole life policy with a monthly income" that was designed to pay an amount upon the death of the Plaintiff and

which had a waiver of premium benefit clause in the event that Plaintiff became disabled. Plaintiff claims that the agent Defendants fraudulently misrepresented to the Plaintiff and concealed that the waiver of premium benefit only applied if the Plaintiff suffered "total and permanent disability" before age 55. Plaintiff became disabled and filed a claim with Defendants for waiver of the premium benefit. However, on or about March 6, 2000, Defendants denied Plaintiff's claim because he became disabled after age 55.

Subsequently, Plaintiff canceled his policy and requested the cash value that had accrued on the policy. The agent Defendants allegedly informed Plaintiff that the policy had not accrued any cash value and that he would receive no proceeds. Plaintiff claims that the agent Defendants failed to request the termination of his policy but instead allowed the built up cash value to be used to pay the monthly premiums. In his Complaint, Plaintiff makes claims based on fraud, negligent misrepresentation, breach of fiduciary duty, and breach of the covenant of fair dealing and good faith.

Plaintiffs originally filed this lawsuit in the Circuit Court of Jasper County, Mississippi on December 31, 2002, against Union National Life Insurance Company, United Insurance Company of America, and John Does 1–10. Defendants timely filed a Notice of Removal on or about January 24, 2003, alleging that John Does 1–10 may not be considered for purposes of citizenship pursuant to 28 U.S.C. § 1441(a) and that therefore diversity jurisdiction exists under 28 U.S.C. § 1332.

Plaintiff is a corporate citizen of Mississippi. Defendant Union National Life Insurance Company is a corporate citizen of Louisiana, and United Insurance Company of America is a corporate citizen of Illinois. In his Complaint, Plaintiff alleges that John Does 1–10 are citizens of the state of Mississippi. Plaintiff filed a Motion to Remand on February 24, 2003. In his Motion, Plaintiff argues that his claims include sufficient allegations concerning the identity and conduct of the subject John Doe Defendants that the citizenship of such Defendants should be considered. On March 28, 2003, the Court entered an Order permitting the parties to take remand-related discovery. Plaintiff sought through discovery in the form of Interrogatories and Requests for Admissions the identity of the agents involved with Plaintiff's policy. On June 26, 2003, Judge Alfred G. Nicols rendered an Order granting in part Plaintiff's Motion to Compel Defendant's Response to Remand Related Discovery. Judge Nicols held that "Plaintiff should not be precluded from inquiring as to the identifies of the Defendants previously characterized as 'John Doe' Defendants." On September 22, 2003, Plaintiff filed his Motion for Leave to Amend his Complaint and add Defendants Jacques Young and Jason Anders.[1] On October 29, 2003, the Court granted Plaintiff's Motion for Leave to Amend.[2] The Court also provided Defendants with the opportunity to file a Motion to Dismiss Defendants Jacques Young and Jason Anders.[3] On December 16, 2003, Plaintiff filed his Motion for Mandatory Remand.

---

**1.** In Response to the Motion to Amend, Defendants argued that Plaintiff had no possibility of recovery against either of the agents on the theories set out in his Complaint.

**2.** The Court found that Plaintiff had used diligent efforts to discover the names of the agents.

**3.** Defendants filed their Motion to Dismiss Defendants Jacques Young and Jason Anders on January 16, 2004. However, the Motion to Dismiss will not be addressed until the Motion to Remand has been decided.

## III. ANALYSIS

### 1) Motion for Mandatory Remand

 On December 16, 2003, Plaintiff filed his Motion for Mandatory Remand based on lack of subject matter jurisdiction under 28 U.S.C. § 1447(e). The statute states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." In *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit recognized that a court may not permit joinder of non-diverse defendants and then decline to remand. *Cobb*, 186 F.3d at 677. However, the Fifth Circuit also stated that

> [s]ection 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place.

*Id.* at 678. In granting Plaintiff's Motion to Amend the Complaint in this case, the Court failed to adequately consider Defendants' arguments that Plaintiff has no claim against the agents which Plaintiff was seeking to join. This Court did not apply the *Hensgens* factors as it should have. In *Williams v. Vincent International, Inc.*, 192 F.R.D. 544 (S.D.Miss. 2000), Judge Tom S. Lee was faced with a similar situation. In *Williams*, the court found that "the magistrate judge, in granting the plaintiffs' motion to amend, gave no consideration either to the effect that joinder of [the non-diverse parties] could have on subject matter jurisdiction under 1447(e), or to the futility of the proposed joinder." *Williams*, 192 F.R.D. at 547. The court found that

> [i]n *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir.1999), the Fifth Circuit concluded that the district court had erred in relying on the fraudulent joinder doctrine to justify its refusal to remand after it had allowed a post-removal amendment, saying that "once it permitted joinder of the non-diverse defendants, the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Id.* at 678. The court, though, left open "the question whether the court properly could have exercised its inherent power to recall its judgment and withdraw its order permitting joinder." *Id.* at 678 n. 8. The court is of the view that this is precisely what should occur in the case at bar. Because the magistrate judge was not alerted to the need to closely scrutinize the proposed amendment as dictated in *Hensgens*, there has never been a judicial determination, according to the proper standards, that the addition of ... a non-diverse party, ought to be allowed.

*Id.* at 547–48.

 Based on the reasoning presented in *Williams*, the Court finds that its Order dated October 29, 2003, Docket Entry no. 64, permitting the amendment to join Defendants Jacques Young and Jason Anders should be vacated.[4] In granting the Mo-

---

4. See *Melancon v. Texaco, Inc.*, 659 F.2d 551 (5th Cir. Unit A 1981) (where district court recalled and vacated ex parte order permitting joinder of nondiverse defendant and then denied remand, Fifth Circuit found no "procedural impropriety," since the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient").

tion to Amend, this Court did not consider the effect that joinder would have on subject matter jurisdiction or the futility of the proposed amendment.

The Court further finds that Plaintiff's Motion for Leave to File an Amended Complaint should be stayed *sua sponte.* In deciding the Motion for Leave to Amend, the Court must decide whether by allowing the amendment, Defendants Jacques Young and Jason Anders would be fraudulently joined. Before the Court can render a decision on the fraudulent joinder issue, the effect of *Smallwood v. Illinois Cent. R.R. Co.,* 342 F.3d 400 (5th Cir.2003) must be considered.

In *Smallwood,* the Fifth Circuit analyzed the "common defense" theory. If read expansively, *Smallwood* could be interpreted as adopting the "common defense" theory in all fraudulent joinder analysis. Under the "common defense" theory, *any* defense that is common to both the non-diverse defendant(s) and the diverse defendant(s) is considered a decision on the merits which must be decided by the state court on remand. That is, if a "common defense" is the only ground asserted by the defendant(s) for fraudulent joinder, then the case must be remanded to state court. However, *Smallwood* can also be interpreted as applying only to common *federal defenses* applicable in a fraudulent joinder analysis.[5]

A subsequent case decided by a different panel of the Fifth Circuit further confused the scope and effect of *Smallwood.* On August 29, 2003, twenty-two days after the *Smallwood* decision was rendered, the Fifth Circuit decided *Ross v. Citifinancial, Inc.,* 344 F.3d 458 (5th Cir.2003). In *Ross,* this Court denied Plaintiffs' Motion to Remand, finding that the non-diverse defendants were fraudulently joined. The grounds on which the non-diverse defendants were dismissed fell under the purview of "common defenses;" i.e., the defenses were equally applicable to the non-diverse defendants and the diverse defendants.[6] Plaintiffs appealed the dismissal to the Fifth Circuit. Without addressing the "common defense" theory, the Fifth Circuit affirmed this Court's rulings in *Ross.* Based on the omission of any analysis regarding the "common defense" theory by the *Ross* court, a reasonable inference can be drawn that the holding in *Smallwood* is limited to *federal defenses* that are common to all defendants, and not to any other form of common defense.

The "common defense" issue was further clouded by the holdings in *Collins v. Am. Home Products Corp.,* 343 F.3d 765 (5th Cir.2003), which was decided by yet another panel of the Fifth Circuit after the *Smallwood* and *Ross* decisions were rendered. In *Collins,* the Fifth Circuit provided scant factual background or legal analysis to support its reversal of a district court's dismissal of non-diverse defendants on fraudulent joinder grounds. However, the court did cite with approval the "common defense" analysis presented in *Smallwood.*

The conflict in the *Smallwood* and *Collins* cases on the one hand, and the *Ross* case on the other hand, has left the "common defense" issue in this case, as well as a myriad of other cases in which "common defenses" are alleged, in a state of total confusion. Petitions for rehearing *en banc* have been filed in both *Smallwood* and *Ross.* The Fifth Circuit granted the petition for rehearing *en banc* in *Smallwood.*

---

**5.** Defendants' fraudulent joinder arguments in *Smallwood* focused exclusively on federal preemption of state law claims, which is a federal defense.

**6.** The "common defenses" in *Ross* were not federal defenses.

*Smallwood v. Illinois Cent. R.R. Co.*, 355 F.3d 357.

The Court cannot decide the Motion for Leave to Amend without considering the issue of fraudulent joinder and based on *Smallwood*, the Court is unclear as to status of the fraudulent joinder doctrine. Based on this quandary, the Court finds that this case should be stayed *sua sponte*,[7] with the exception of the discovery process, pending the *en banc* rehearing of *Smallwood* by the Fifth Circuit. The Court notes that any discovery conducted in this Court can carry over to state court if necessary. The parties therefore will be closer to trial under any scenario if discovery proceeds. After the *en banc* decision of *Smallwood* is rendered by the Fifth Circuit, the Court will revisit the subject Motion to Amend and the pending Motion to Remand.

### IV. CONCLUSION

IT IS THEREFORE ORDERED the Order [64–1] permitting the amendment dated October 29, 2003 is hereby vacated.

IT IS FURTHER ORDERED that this case is stayed pending the outcome of *Smallwood.*

---

7. A district court has "the 'general discretionary power to stay proceedings before it [*sua sponte*] in control of its docket and in the interests of justice.'" *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir.1990) (citation omitted).