United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51129
Summary Calendar
_____

MAYNARD L. TUCKER,

Plaintiff - Appellant,

v.

COX TEXAS NEWSPAPERS, L.P., doing business as The Austin
American-Statesman; THE AUSTIN HUMAN RIGHTS COMMISSION,

Defendants - Appellees,

_____

Appeal from the United States District Court
for the Western District of Texas
_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Maynard L. Tucker challenges the district court's
denial of his motion to remand. Because we lack jurisdiction to
review the district court's order, we dismiss this appeal.

Tucker sued his former employer Cox Texas Newspapers ("Cox")
and The Austin Human Rights Commission ("AHRC") in Texas state
court. In this suit, Tucker alleges that Cox violated Title VII

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

of the Civil Rights Act of 1964[1] and the Age Discrimination in Employment Act[2] by discriminating against Tucker because of his age and race. Tucker also contends that AHRC did not properly investigate his claims of discrimination.

The two defendants removed the case to federal district court, stating that it presented a federal question. Tucker moved to remand the case. The district court denied the motion and ruled that the case was removable because it was based on federal law. In response, Tucker filed a request for appeal, which the district court construed as a notice of appeal. This request only addressed the merits of his motion to remand. Tucker did not seek, nor did the district court grant, permission under 28 U.S.C. § 1292(b) to appeal an interlocutory order.

This court has jurisdiction to review final orders. 28 U.S.C. § 1291. A order denying a request for remand is not a final order, and without certification under 28 U.S.C. § 1292(b), we lack jurisdiction to review it. *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981). Because the district court did not certify this order, we cannot consider Tucker's appeal. APPEAL DISMISSED.

---

[1] 42 U.S.C. § 2000e *et seq.* (2000).

[2] 29 U.S.C. § 621 *et seq.* (1994).