# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2010

No. 10-30592
Summary Calendar

Lyle W. Cayce
Clerk

SHERMAN J. AUGUSTINE,

Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
Louisiana State Penitentiary,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-171

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sherman J. Augustine appeals the district court's decision to retain jurisdiction over his federal claims.  We lack jurisdiction over his appeal, and it is therefore DISMISSED.

In January 2009, Augustine, a former employee of the Louisiana State Penitentiary in Angola, brought suit in state court against his former employer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30592

alleging violations of Louisiana employment and whistle-blower laws. In February 2010, he sought leave to amend his petition, proposing to add two claims under federal law. The state court granted leave to amend; Augustine filed the amended petition.

Shortly thereafter, the State removed the action to federal court and Augustine filed a motion to remand. The district court remanded Augustine's state law claims, but retained jurisdiction over the federal claims. Augustine filed a notice of appeal specifying that he "is *only* appealing the denial to remand the federal claims."

"We must raise the issue of our appellate jurisdiction *sua sponte*, if necessary." *Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007) (citation omitted). Augustine asserts that we have appellate jurisdiction "under Title 28 United States Code, Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, as an appeal from an opinion from a motion to remand in the United States District Court for the Middle District of Louisiana."

Neither of the cited authorities gives us jurisdiction over Augustine's appeal. Our jurisdiction extends only to "appeals from . . . final decisions of the district courts of the United States." 28 U.S.C. § 1291. "[A]n order denying remand of a case removed to federal court is not a final order within the meaning of 28 U.S.C. § 1291," and therefore "cannot be appealed unless certified by the district court in accordance with 28 U.S.C. § 1292(b)." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981) (citations omitted); *see Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989).

The district court's order retaining jurisdiction over Augustine's federal claims was not a final decision, and the district court did not certify the issue for our review. We therefore lack jurisdiction to consider Augustine's appeal.

DISMISSED.