# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2020

Lyle W. Cayce
Clerk

No. 19-11150

Paul Eugene Lawson,

*Plaintiff—Appellant*,

*versus*

United States of America Department of Justice,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:18-CV-64

Before Clement, Elrod, and Haynes, *Circuit Judges*.
Per Curiam:[*]

Paul Eugene Lawson, Texas prisoner # 675063, is serving a 75-year sentence for murder. In 2018, he filed a Freedom of Information Act complaint against the United States Department of Justice seeking damages and attorney's fees. Pertinent to this appeal, Lawson filed motions in the district court seeking to intervene as a third party he identified as "Paul-

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11150

Eugene: Lawson . . . the flesh and blood man, the living soul, the Secured Party/Creditor, [and] true and lawful Attorney-In-Fact for . . . Paul Eugene Lawson®'" a corporate entity.  He also filed a motion to join Paul-Eugene:Lawson as the real party in interest, based on the spurious distinction between Lawson the corporate entity and Lawson the person.  In addition, he filed a "Motion for Clerk to Tender Payment," by which he sought to pay his district court filing fees with purported "negotiable instruments" of his own devising.  The district court denied those motions; Lawson appealed; and the district court denied Lawson leave to appeal in forma pauperis (IFP) on the ground that the appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Lawson now moves this court for leave to appeal IFP.  He thereby challenges the certification that his appeal is not in good faith.  *See Baugh*, 117 F.3d at 202.  His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss an appeal "when it is apparent that an appeal would be meritless."  *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Lawson asserts that his "motions were denied without an articulate reason."  The district court's reasons were concise and articulate:  The motions to intervene and to join were denied because Lawson was already a party to the action, and the payment of fees is governed by § 1915(b).  *See* § 1915(b)(2) ("The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court . . . .").

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary."  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

No. 19-11150

Appellate jurisdiction is generally limited to appeals from final decisions under 28 U.S.C. § 1291, and certain interlocutory or collateral orders in certain classes of issues or cases. *See Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988). Lawson's appeal of the district court's denial of his motion to pay his filing fee with negotiable instruments of his own devising does not meet any criteria for appealability. Similarly, the denial of a motion to join a party is not an appealable order. *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) ("Orders granting or denying motions to add new parties to a pending suit are interlocutory and non-appealable."). On the other hand, the denial of intervention is an appealable collateral order. *See Sierra Club v. City of San Antonio*, 115 F.3d 311, 313-14 (5th Cir. 1997).

But regardless of how Lawson frames his motions, we construe them according to their substance. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 633 n.39 (5th Cir. 2002). Lawson's motions to intervene and to join himself in his own lawsuit are facially absurd. He identifies no nonfrivolous issue for appeal and his appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202. The IFP motion is DENIED.

In addition, this appeal does not involve any legal points of arguable merit. *Howard*, 707 F.2d at 220. Further, a claim is frivolous under § 1915 if it is beyond the court's jurisdiction. *See Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999). Accordingly, the appeal is DISMISSED IN PART FOR LACK OF JURISDICTION as to the fee claim and otherwise DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Lawson has accumulated two previous strikes for purposes of § 1915(g). *Lawson v. Jordan*, 762 F. App'x 179, 180 (5th Cir. 2019); *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). This frivolous appeal

No. 19-11150

counts as Lawson's third strike. *See* § 1915(g); *Coleman*, 135 S. Ct. at 1763. Accordingly, Lawson is now BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Lawson is again WARNED that frivolous, repetitive, or abusive filings will result in the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED; SANCTION WARNING ISSUED.