# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30398

WAYNE GLEN DAY

Plaintiff-Appellant

v.

LOCKHEED MARTIN SPACE SYSTEMS COMPANY, ET. AL

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 07-3539

Before JONES, Chief Judge, JOLLY, Circuit Judge, and CARDONE, District Judge.[*]

KATHLEEN CARDONE, United States District Judge:[**]

In 1979, Appellant Wayne Glen Day ("Day") began employment with Martin Marietta, and later continued to work for its successor corporation, Appellee Lockheed Martin Corporation ("Lockheed"). During his tenure, Day

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

periodically took leaves of absence in order to serve in the United States Navy Reserve. In August 2004, after a seven-year absence due to a series of orders to deploy for service, Day was honorably discharged from active duty and sought to return to his former position at Lockheed. On December 6, 2004, Lockheed reemployed Day, and on January 1, 2007, Day retired.

On June 29, 2007, Day sued Lockheed, alleging that it violated the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, et seq. ("USERRA") when it delayed his reemployment, denied him a higher salary and other benefits, and failed to follow its corporate policy. Lockheed moved for summary judgment, alleging that Day was not covered by USERRA because, during his seven-year absence, he had failed to timely apply for reemployment and therefore forfeited USERRA's protections. The district court granted Lockheed's motion, and we affirm.

USERRA's purpose is, inter alia, to "eliminat[e] or minimiz[e] the disadvantages to civilian careers and employment which can result" from non-career military service. 38 U.S.C. § 4301(a)(1). However, USERRA requires service members who return from active duty and wish to continue their previous civilian employment to timely notify their employers. See id. § 4312(a)(3). In this case, because Day did not do so, he is not entitled to USERRA's benefits.

The notification which a service member must give to their previous employer depends on the length and circumstances of their service. See id. § 4312(e). On September 14, 2001, Day was ordered to serve for a period of 180 days, requiring him to submit an application for reemployment within fourteen days after completing that order. Id. § 4312(e)(1)(c). Day completed the order

on March 30, 2002, but did not reapply within fourteen days. Once Day failed to timely reapply, the terms of his employment with Lockheed were no longer covered by USERRA. Although he makes much of the reasonableness provision of § 4312(e)(1)(C), Day did not raise any argument under § 4312(e)(1)(C) before the district court, and this Court will not consider this argument for the first time. See Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988).

Lockheed was nevertheless required to follow its corporate policy. See id. § 4312(e)(3). The district court correctly found that nothing in that policy required Lockheed to comply with USERRA when the statute did not otherwise apply. Instead, the policy stated that employees must return to work when they complete their approved leave. Having forfeited the protections of USERRA, Day was not entitled to the relief he seeks through his employer's policy.

Accordingly, after reviewing the record and finding no reversible error, we hold that the judgment of the district court is AFFIRMED.