# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-30674

Lyle W. Cayce
Clerk

WAYNE GLEN DAY,

Plaintiff - Appellant

v.

LOCKHEED MARTIN CORPORATION; CHERYL ALEXANDER,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-730

Before JONES, Chief Judge, and DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wayne Glen Day appeals his motion to remand being denied and, in the alternative, Lockheed Martin Corporation's motion to dismiss being granted. He contends: the district court lacked subject-matter jurisdiction; collateral estoppel did not bar his claims; and he is entitled to attorney's fees and costs. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30674

## I.

Day's employment with Lockheed began in 1979. While employed, he took leaves of absence as part of his service in the United States Navy Reserve.

For an absence from 1997 to 2004, Day received, in 2002, an extension in his military orders; however, he failed to notify Lockheed of that extension within 14 days of the expiration of his previous orders, as required under the Uniformed Services Employment and Re-employment Rights Act (USERRA). *See* 38 U.S.C. § 4312(e). Consequently, he forfeited reemployment and employee-benefit protection under that Act.

In 2004, Day left the Navy. Although not required to do so, Lockheed reemployed him. Day retired from Lockheed in 2007.

Day sued Lockheed and Cheryl Alexander, Lockheed's Michoud Operations Human Resource Director, in federal court for claimed violations of both USERRA and the Louisiana Military Service Relief Act (LMSRA), LA. REV. STAT. ANN. §§ 29:401–425. The district court awarded summary judgment against Day, ruling that he had not submitted an application for reemployment with Lockheed in 2002 within 14 days after completing his military orders. The court dismissed Day's USERRA claims with prejudice; his LMSRA claims, which were identical to the USERRA claims, without prejudice. Our court affirmed. *Day v. Lockheed Martin Space Sys. Co.*, 304 F. App'x 296, 297-98 (5th Cir. 2008), *aff'g*, No. 07-3539, 2008 WL 718142 (E.D. La. 14 Mar. 2008).

Subsequently, Day filed this essentially identical action in Louisiana state court, claiming violations of LMSRA. Day repeated the allegations from his federal-court complaint, contending Lockheed and Alexander: did not promptly reemploy him following his discharge from the Navy; and violated Lockheed's policies on, *inter alia*, 401(k) retirement-plan funding and matching. Lockheed removed the action to federal court, asserting both federal-question and diversity jurisdiction (28 U.S.C. §§ 1331, 1332(a)(1)).

2

Day moved to remand; Lockheed, to dismiss. The district court: denied the motion to remand, ruling that the LMSRA claims were preempted by federal law under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461; and granted the motion to dismiss, holding the LMSRA claims barred by collateral estoppel.

## II.

The denial of the motion to remand and the grant of the motion to dismiss are reviewed *de novo*. *E.g.*, *Lewis v. Fresne*, 252 F.3d 352, 356 (5th Cir. 2001). In the light of our upholding both rulings, we need not reach Day's request for attorney's fees and costs.

### A.

Lockheed removed this action based on federal-question and diversity jurisdiction. Although the district court denied remand only on the former, we may affirm subject-matter jurisdiction on any basis supported by the record. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

#### 1.

At least one of Day's LMSRA claims is completely preempted by ERISA, thus providing federal-question jurisdiction. ERISA § 502(a)(1)(B) provides a retirement beneficiary with a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan". 29 U.S.C. § 1132(a)(1)(B). Complete preemption of a state-law claim occurs when "a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court". *McGowin v. ManPower Int'l., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (citations and internal quotation marks omitted). Day's complaint claims injury with respect to his rate of pay, vacation credits, differential pay, back pay, and 401(k) contribution and matching. In particular, his 401(k)-related claims seek benefits derived from Lockheed's retirement program for military-reserve employees, which is part of

an overall employee-benefit plan. Thus, his 401(k)-related claims fall within ERISA's scope and are preempted. *See, e.g.*, *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 451-53 (5th Cir. 2007) (law firm's disability policy part of an ERISA plan, preempting plaintiff's state law claims). For any of Day's other claims that are not preempted, they are subject to supplemental federal jurisdiction. *See, eg.*, *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337-38 (5th Cir. 1999).

**2.**

In the alternative, diversity jurisdiction provides a basis for removal. *See* 28 U.S.C. § 1332(a)(1). Under the improper-joinder doctrine, where a non-diverse defendant (here, Alexander) is improperly joined, the presence of that party does not destroy diversity jurisdiction. *E.g.*, *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). One way to show improper joinder is through plaintiff's inability to establish a claim against the non-diverse defendant in state court; *i.e.*, whether there is no reasonable basis for the district court to predict plaintiff can recover against that defendant. *E.g.*, *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 812 (5th Cir. 2011).

Along that line, Day cannot do so because Alexander does not qualify as an "employer" under Louisiana law. *See* LA. REV. STAT. ANN. § 23:302(2) ("'Employer' means a person . . . receiving services from an employee and, in return, giving compensation of any kind to an employee."); *Ray v. City of Bossier City*, 859 So. 2d 264, 272 (La. App. 2d Cir. 2003) (noting Louisiana courts have applied § 23:302(2)'s "employer" definition generally). Moreover, Day has not alleged facts reasonably demonstrating that he has an independent or derivative claim against Alexander. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (personal liability cannot be premised upon employee's general responsibility in course of his or her employment). The remaining parties are diverse: Day, a Louisiana resident; Lockheed, a Maryland corporation with principle place of business in Bethesda, Maryland.

No. 10-30674

## B.

Collateral estoppel (issue preclusion) applies where an identical issue was: previously adjudicated; actually litigated; and necessary to the decision in the prior litigation. *E.g.*, *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). Although Day contends he satisfied LMSRA's employer-notification requirements in 2004 (when he left the Navy), compliance in 2004 is irrelevant to his overcoming collateral estoppel. The relevant inquiry concerns 2002. LMSRA, as it provided then (and, in that regard, was identical to USERRA), required a person returning from a period of military service of more than 30 days to notify the employer of an intent to return by submitting "an application for reemployment with the employer not later than fourteen days after the completion of the period of service . . . ." LA. REV. STAT. ANN. § 29:410(E)(1)(c); *see also* 38 U.S.C. § 4312(e)(1)(C) (USERRA's 14-day application requirement).

As our court ruled on Day's prior appeal: "Day completed [his] order[s] on March 30, 2002, but did not reapply within fourteen days". *Day*, 304 F. App'x at 297. Therefore, because the above-described elements for collateral estoppel are satisfied, Day is barred from litigating his LMSRA claims.

Moreover, Day may not proceed on his unreasonableness-of-notification theory. It was not presented to the district court when it addressed Lockheed's motion to dismiss. *See Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010) (party may not advance new theory on appeal not raised in district court), *cert. denied*, 131 S. Ct. 1511 (2011).

## III.

For the foregoing reasons, the judgment is AFFIRMED.